643 P.2d 738

Christopher J. QUIGLEY, Petitioner/Appellee,

v.

CITY COURT OF The CITY OF TUCSON; the Honorable Ronald Sommer, Acting Magistrate, Respondent,

and

The STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney for the City of Tucson, Real Party in Interest/Appellant.

No. 2 CA–CIV 4206.

Court of Appeals of Arizona, Division 2.

March 31, 1982.

Quigley & Quigley, P. C. by James E. Quigley, Tucson, for petitioner/appellee.

Frederick S. Dean, Tucson City Atty. by Beverly A. Ginn and Brian E. Wellendorf, Tucson, for real party in interest/appellant.

## OPINION

HOWARD, Chief Judge.

The issue in this appeal from a special action is whether the superior court exercised the proper standard of review of the city magistrate's dismissal of a prosecution without prejudice.

Petitioner was charged in the city court with petty theft. A pretrial conference was held on July 23, 1981, and the state disclosed its witnesses. The state, however, did not include the name of a Mr. Arnold, an accomplice who had already been convicted. Recognizing this error, the prosecutor had Mr. Arnold added to the witness list and a subpoena was issued for his attendance, but no attempt was made to add his name to a supplemental disclosure.

Through the attempt to serve the subpoena, it was discovered that Mr. Arnold would not be back from a California vacation until August 15. Since Mr. Arnold was the "star witness" for the prosecution, the state cancelled the subpoenas for the other witnesses without the prior knowledge of the court or the petitioner and on the trial date filed a motion for continuance.

The city magistrate stated, inter alia, in response to the motion:

"THE COURT: The thing that concerns me mostly here, counsel, is that . . . well, I've got two things that concern me. One thing that concerns me very much is that there's an important public image to be maintained . . . that justice is equal and where we have the children of lawyers and judges involved in charges like this I think that it's perhaps particularly important that we do not appear to be giving them any consideration that we don't give to everybody that comes through that door. For that reason I'm

inclined to agree that a continuance would be reasonable, but I have to say that Mr. Quigley has a point when he says that the State has known for at least several months that it intended . . . or should have known if it was proceeding with any kind of diligence should have had those subpoenaes out on Kevin Arnold long before the 7th of August which was when the . . . excuse me, when was the subpoena issued, this doesn't indicate . . ."

He then, sua sponte, dismissed the prosecution without prejudice. However, he also ordered the prosecution be dismissed with prejudice if the charges were not refiled within 30 days. Petitioner then moved the city magistrate to simply dismiss with prejudice but the magistrate refused to do so.

Petitioner then filed this special action in the superior court contending that the prosecution should have been dismissed with prejudice. The superior court agreed and remanded the case to the city magistrate with directions to enter an order of dismissal with prejudice. The state appealed from the order of the superior court. We vacate the order.

The dismissal of a prosecution is specifically and clearly addressed by Rule 16.5(d), Arizona Rules of Criminal Procedure, 17 A.R.S.:

"Dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the *court order* finds that the interests of justice require that the dismissal be with prejudice." (Emphasis added)

We have four observations concerning the rule. First, dismissal without prejudice is favored by the rule.[1] Second, there can be no dismissal with prejudice unless the interests of justice require it. Third, in order for there to be a dismissal with prejudice the court order must state that the interests of justice require the dismissal with prejudice and we note that the superi-

---

1. Under the old rule, Rule 16.7(d), the dismissal was with prejudice unless the court found that the interests of justice required a dismissal without prejudice.

or court order makes no such finding. Fourth, the rule gives discretion to the court to dismiss either with or without prejudice, but its latitude to dismiss with prejudice is obviously not as wide as the latitude given to it to dismiss without prejudice.

The questions which may be raised in a special action are set forth in Rule 3, Rules of Procedure for Special Actions. They are:

"(a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or

(b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or

(c) Whether a determination was arbitrary and capricious or an abuse of discretion."

Petitioner contended in the superior court that the city magistrate's failure to dismiss with prejudice was arbitrary, capricious and an abuse of discretion. How does the superior court review the action of the city magistrate? Does it decide the issue on the basis of whether or not it would have dismissed with prejudice? We think not. An "abuse of discretion" is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State v. Williams*, 27 Wash.App. 430, 618 P.2d 110 (1980). The fact that the circumstances could justify a different conclusion than that reached by the city magistrate does not warrant the superior court in substituting its judgment for that of the city magistrate. A difference in judicial opinion is not synonymous with "abuse of discretion". *Belock v. State Mutual Fire Insurance Company*, 106 Vt. 435, 175 A. 19 (1934). The exercise of the city magistrate's discretion is not reviewable, rather it is only the alleged abuse of the power which is reviewable by the superior court. The superior court could find an abuse of discretion, arbitrariness, or capriciousness if it found that under similar circumstances no reasonable city magistrate would have dismissed the prosecution without prejudice. The record here does not disclose such an abuse of discretion. The only "prejudice" claimed by petitioner before the magistrate was that he was ready to go to trial when the motion to continue was made. This reason does not mandate a dismissal with prejudice.

Appellee claims that the appeal is moot because the statute of limitations has run in the meantime. Appellant claims that it has not run. We leave this issue to the city magistrate if and when the state refiles the complaint.

The order of the superior court is vacated and set aside.

HATHAWAY and BIRDSALL, JJ., concur.