823 P.2d 693

**STATE of Arizona, Appellant,**

v.

**Francisco GARCIA, Appellee.**

**No. 1 CA–CR 90–846.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 24, 1991.

---

246

Grant Woods, Atty. Gen. by Michael C. Cudahy, Chief Counsel, Organized Crime and Racketeering Div., and Billie A. Rosen, Asst. Atty. Gen., Phoenix, for appellant.

Richard M. Romley, Maricopa County Atty., by Jessica G. Funkhouser, Deputy County Atty., Phoenix, for appellant.

Thomas A. Thinnes, P.A. by Thomas A. Thinnes and Eleanor L. Miller, Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

The defendant was charged with conspiracy to possess a narcotic drug for sale. Within two months of the defendant's arrest, the state filed a motion to dismiss the charge. At the hearing on the motion, the state's attorney failed to appear. The judge did not hear argument on the motion and observed on the record that he had not reviewed the defendant's response to the motion. The judge nonetheless ordered the case dismissed without prejudice, provided that after ninety days the dismissal would be with prejudice unless the state convinced the court that it should be otherwise.

Before the ninety days expired, the state filed a motion to extend the time for the dismissal to become one with prejudice, reciting that the defendant was under investigation for another crime which might be consolidated with the case that had been dismissed, that the police had issued a number of search warrants and seized evidence in the case in which the defendant was already charged which needed to be analyzed, and that the case would require follow-up investigation.

The defense responded, saying that the state was seeking to gain a tactical advantage, hoping that a confidential informant who was a critical witness would be un-

available for trial. The hearing on the state's motion was held after the ninety days had expired. The trial court refused to grant the state's motion, observing:

I suspect strongly, if you check the record, the actual record, what I said was probably that it would be dismissed with prejudice without further order of the court. As far as I'm concerned this case was dismissed on May 15. It's gone, it's history. I don't know that I can set that dismissal with prejudice aside.

. . . .

I'm reading it [prior order for dismissal] right here. It says: Ordered granting State's motion to dismiss without prejudice at this time provided this case will be dismissed with prejudice within 90 days unless prior thereto the State has convinced the Court otherwise. And you didn't convince me otherwise prior thereto. So as far as I am concerned the case is history.

Rule 16.5(d), Arizona Rules of Criminal Procedure, requires that before the trial court dismisses a criminal prosecution *with prejudice* the judge must find that a dismissal *with prejudice* is in the interests of justice. The trial court did not expressly find that the dismissal with prejudice in this case was in the interests of justice. The state argues that this means that the dismissal was without prejudice.

■ When there is no record at all on the issue, we presume that the dismissal with prejudice was in the interests of justice. *See State v. McDonald*, 117 Ariz. 159, 571 P.2d 656 (1977) (construing a former version of the rule requiring the court to find that a dismissal without prejudice was in the interests of justice in a case in which there was no transcript of the record). When the record reveals a sufficient reason for dismissal with prejudice, and the dismissal is with prejudice but the order contains no language that the interests of justice require a dismissal with prejudice, we can assume that the dismissal with prejudice was in the interests of justice. *See State v. Marquess*, 168 Ariz. 123, 811 P.2d 375 (App.1991) (state lacked evidence and did not intend to refile the

charges). We are aware that Division Two of the Court of Appeals, without discussing *State v. McDonald*, has taken a different view of this issue. *See Quigley v. City Court of the City of Tucson*, 132 Ariz. 35, 643 P.2d 738 (App.1982); and *State ex rel. Jenney v. Superior Court in and for Cochise County*, 122 Ariz. 89, 593 P.2d 312 (App.1979). Even though we reaffirm *Marquess*, we encourage trial judges, in dismissing with prejudice, to follow Rule 16 and make a finding on the record that the interests of justice require that the dismissal be with prejudice.

■ We turn to the next facet of the problem. The record discloses that the trial judge believed that the dismissal had automatically become one with prejudice and it strongly suggests that the trial judge was not relying on the defendant's contention that the state was seeking a tactical advantage by delaying in the hope that a critical witness would become unavailable. While the argument regarding the witness advanced by the defense, if accepted as true, would justify a dismissal with prejudice, we cannot presume on this record that the judge seriously considered that argument. The trial judge abused his discretion in ordering that the dismissal be with prejudice. If the defendant is prosecuted again, if the material witness has disappeared, and if the trial judge believes that the state delayed to gain a tactical advantage, a dismissal with prejudice for a denial of due process may well be appropriate. *See State v. Hall*, 129 Ariz. 589, 633 P.2d 398 (1981); *State v. Torres*, 116 Ariz. 377, 569 P.2d 807 (1977).

■ The defendant also argues that the court would have been justified in dismissing, and might have dismissed this case with prejudice, because the state was attempting to avoid the time limits of Rule 8, Arizona Rules of Criminal Procedure. We observe at the outset that there was no actual violation of the Rule 8 time limits because the time limit had not been exceeded when the case was dismissed. If the defendant is ever retried, the time limits will not have been exceeded because a dismissal tolls the running of the time to pursue the prosecution. *See State v. Averiett*, 25 Ariz.App. 63, 540 P.2d 1282 (1975).

The gist of the defendant's argument, however, appears to be that the state was attempting to avoid an impending time limit. A violation of the time limits of Rule 8 does not mandate a dismissal with prejudice. *See* Rule 8.6, Arizona Rules of Criminal Procedure; and *State ex rel. Berger v. Superior Court in and for Maricopa County,* 111 Ariz. 335, 529 P.2d 686 (1974). Since that is true, not every attempt to avoid an impending time limit merits dismissal with prejudice. Although there are no Arizona cases directly on point, we think that the same considerations discussed in the cases construing Rule 16 govern whether a dismissal for a Rule 8 violation should be with or without prejudice. In other words, if the defendant can show that the state delayed for the purpose of gaining a tactical advantage over him or to harass him, and if he can show that he actually suffered prejudice as a result of the state's conduct, a dismissal with prejudice would be justified. *See Torres,* 116 Ariz. 377, 569 P.2d 807 (1977). Here, the defendant never suggested to the trial judge that the state was attempting to avoid the time limits of Rule 8, and the trial judge made no such finding. We will not assume that that was why the judge dismissed with prejudice.

This case has still another facet which deserves comment. We do not favor the automatic conversion of a dismissal without prejudice into a dismissal with prejudice. Rule 16.5(d) requires a reasoned finding that the interests of justice require the dismissal to be with prejudice. The judge is required to actually weigh the factors that bear on the issue. Setting an arbitrary time limit in the absence of circumstances demonstrating that the defendant will suffer some articulable prejudice as a result of the lapse of that period of time is less than the rule contemplates.

We vacate the order to dismiss with prejudice, which leaves intact the order to dismiss without prejudice.

GRANT, P.J., and EUBANK, J., concur.