837 P.2d 1137

**STATE of Arizona, Appellant,**

v.

**Linda Jilone GILBERT, Appellee.**

**No. 1 CA–CR 90–436.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 24, 1991.

Review Denied Oct. 20, 1992.

Richard M. Romley, Maricopa County Atty. by Jessica G. Funkhouser, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

The defendant was charged with one count of conspiracy to commit fraudulent schemes and artifices and eight counts of fraudulent schemes and artifices. The trial judge granted the state's motion to dismiss the charges without prejudice, but over the state's objection, ruled that if the state did not recharge the defendant within 120 days, the dismissal would automatically become a dismissal with prejudice. The trial judge reasoned that "it is in the interest of the public and the orderly administration of justice that there be some type of finality." We hold that the trial court erred in dismissing with prejudice simply to give effect to a general need for finality.

## PROCEDURAL HISTORY AND FACTS

In May 1989, the defendant was arrested and charged with theft. In July 1989, based on essentially the same facts that gave rise to the theft charges, the defendant was indicted for one count of conspiracy to commit fraudulent schemes and artifices and eight counts of fraudulent schemes and artifices. A week later, and about two weeks before the trial on the theft charges would have begun, the state

moved to dismiss the theft charges. That motion was granted. While these various charges were pending, the defendant was also being held on a probation violation warrant.

In October 1989, the state moved to dismiss the fraud charges without prejudice pursuant to Rule 16.5, Arizona Rules of Criminal Procedure, because the state needed to conduct additional investigation. The defendant argued that the dismissal should be with prejudice because it had previously dismissed the theft charges shortly before the case was to go to trial. The defendant's attorney also argued that but for the pending fraud charges, the defendant would have been in the custody of the department of corrections as the result of her violation of probation. She asserted that conditions in the department of corrections better met her needs than those existing at the county jail. As we have already observed, the trial judge dismissed without prejudice, the dismissal to become with prejudice in 120 days if the charges had not been refiled. The trial judge told the defendant to file a motion to dismiss with prejudice when the time expired. This was done and an order dismissing with prejudice was entered.

## JURISDICTION

The defendant claims that we have no jurisdiction to hear this case because the state may not appeal from its own motion to dismiss. Alternatively, she argues that the state waived its right to appeal because it did not appeal within twenty days of the dismissal with prejudice as required by Rule 31.3 of the Arizona Rules of Criminal Procedure or alternatively bring a timely special action.

█ The defendant cites *Litak v. Scott*, 138 Ariz. 599, 676 P.2d 631 (1984), for the proposition that the state may not appeal from its own motion to dismiss. In that case, the trial court granted the state's motion to dismiss due to insufficient evidence. *Id.* at 600, 676 P.2d at 632. On appeal, the supreme court stated that the state could not appeal from its own motion to dismiss because the state was granted

exactly what it requested. *Id.* at 601, 676 P.2d at 633. In this case, the state is appealing from an order to dismiss that went beyond what the state requested. The state was aggrieved by the order and may appeal it.

█ The appeal was timely. The order dismissing with prejudice was entered on March 12, 1990, and the state filed its notice of appeal on March 15, 1990, well within the twenty-day time limit mandated by Rule 31.3 of the Arizona Rules of Criminal Procedure.

## LAW

Rule 16.5(d), Arizona Rules of Criminal Procedure, provides:

> **Effect of Dismissal.** Dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the court order finds that the interests of justice require that the dismissal be with prejudice.

█ The trial court has the discretion to dismiss a case with or without prejudice. *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 336, 529 P.2d 686, 687 (1974). The rule favors dismissal without prejudice. *Quigley v. City Court of the City of Tucson*, 132 Ariz. 35, 36, 643 P.2d 738, 739 (App.1982). There can be no dismissal with prejudice unless the interests of justice require it. *Id.* Here, although the trial judge found the interests of justice required dismissal with prejudice, he based his finding on nothing more than a generalized finding that finality was desirable. This was an abuse of discretion. The general need for finality is served by the applicable statute of limitations. *See United States v. Marion*, 404 U.S. 307, 325–326, 92 S.Ct. 455, 466, 30 L.Ed.2d 468, 481–82 (1971).

█ The most important factor to consider in whether a dismissal should be with or without prejudice is whether delay in the prosecution will result in prejudice to the defendant. *State v. Hannah*, 118 Ariz. 610, 611, 578 P.2d 1039, 1040 (App.1978); *State ex rel. DeConcini v. Superior*

*Court,* 25 Ariz.App. 173, 175, 541 P.2d 964, 966 (1975). We look then, to whether the defendant here has suffered harm of the type that will justify a dismissal with prejudice, and we conclude that she has not.

One of the defendant's arguments was that the state twice moved to dismiss shortly before trial. Although this may be an annoyance and an inconvenience to the defendant and her attorney, the defense failed to articulate how these last minute dismissals actually hurt her ability to defend against the charges. The defendant did not assert that the state was acting in bad faith or with the motive of simply harassing her for unworthy motives. *See State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981) (intentional delay to harass or gain a tactical advantage or avoid the speedy trial requirements of Rule 8 will justify a dismissal with prejudice). All the record shows with respect to the sequence of events that occurred here is that, for reasons that are unclear, the state's case was in disarray.

The other prejudice which the defendant asserted in the trial court concerned her incarceration. She said that the charges had caused her continued incarceration in the county jail under conditions less favorable than those she would have experienced had her probation been revoked so that she could have been transferred to the department of corrections. Apparently, certain programs she wanted to participate in were not available in the county jail. We cannot say that this argument would never support dismissal with prejudice. If, for example, the trial judge were convinced that the state was employing such a tactic simply to discomfit and abuse the defendant, a dismissal with prejudice might be warranted. In any event, the defendant does not reassert this claim in her brief and thus has abandoned it on appeal.

■ The state also argues that the trial judge did not comply with Rule 16.5 because the order for dismissal does not say that the interests of justice require that it be with prejudice. For the reasons set forth in *State v. Garcia,* 170 Ariz. 245, 823 P.2d 693, which we have filed today, we do not believe the court's failure to include the recitation in its order is fatal to the intent of the order.

■ There is another feature to this case that merits comment. The judge ordered that the dismissal without prejudice would *automatically* become a dismissal with prejudice at the expiration of 120 days if the state had not refiled the charges in the interim. As we explained in *State v. Garcia,* which we have filed today, Rule 16.5(d) requires a reasoned finding that the interests of justice require the dismissal to be with prejudice. Setting an arbitrary time limit in the absence of circumstances demonstrating that the defendant will suffer some articulable prejudice as a result of the lapse of that period of time is less than the rule contemplates.

The order dismissing with prejudice is vacated, leaving intact the order dismissing the charges without prejudice.

GRANT, P.J., and EUBANK, J., concur.