870 P.2d 410

**STATE of Arizona, Appellant,**

v.

**Thomas Sanford WILLS, Appellee.**

**No. 1 CA–CR 92–0716.**

Court of Appeals of Arizona, Division 1, Department B.

June 3, 1993.

Review Denied April 5, 1994.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellee.

## OPINION

GRANT, Judge.

The state appeals from the trial court's dismissal of this case with prejudice pursuant to Rule 16.5(d) of the Arizona Rules of Criminal Procedure ("Ariz.R.Crim.P."). Because we find that the trial court abused its discretion in dismissing the case with prejudice in the absence of a reasoned finding that the interests of justice required it, we reverse and remand the case to the trial court for further proceedings consistent with this opinion.

## FACTS & PROCEDURAL HISTORY

On May 2, 1991, a Maricopa County grand jury returned an indictment charging appellee, Thomas Sanford Wills ("defendant"), with Attempted Murder in the First Degree, a Class 2 dangerous felony. The record in this case is scant, but it appears that the charge arises from defendant's shooting of his friend. On July 8, 1991, the state filed an allegation of prior felony conviction alleging that defendant was convicted in Maricopa County on August 27, 1981, of Theft, a Class 5 felony (CR–119906).

In July and August of 1991, the trial court granted defense counsel two motions to continue. In September of 1991, the trial court granted the state's motion to continue on the grounds that the state had made no contact with the alleged victim; continuance was granted until September 11, 1991.

On September 11, 1991, the state moved to dismiss the case without prejudice because it had still not been able to contact the victim. The trial court granted the motion but stated that it would "entertain a Motion to Dismiss with Prejudi[c]e if the matter is not refiled within six (6) months from this date."

On March 16, 1992, defendant filed a Motion to Dismiss with Prejudice in which he stated:

> On September 11, 1992, the state of Arizona moved to dismiss this matter without prejudice. The court granted that motion, but allowed the State a time limit of six months to re-file the charges. As of March 11, 1992, undersigned counsel's investigation has not uncovered a re-filing of charges in this matter. Thus, this matter should be dismissed with prejudice based upon the time limit for re-filing having expired.

The state opposed this motion, arguing that "[n]o 'articulable prejudice' to the defendant is presented or even argued nor is it urged that the state originally dismissed in order to gain a tactical advantage over the defendant or that the State's purpose was to harass the defendant."

At a hearing on defendant's motion to dismiss held on April 10, 1992, the state reiter-

ated its argument that dismissal with prejudice was unwarranted in the absence of a showing by defendant of how he would be prejudiced by a dismissal without prejudice. In response to the trial judge's question, "[w]hat's your prejudice," defendant replied:

Judge, the alleged victim is the only witness in this matter. Again, the State has made attempts to contact that person back when this case was active. And I feel that because that is the sole witness, as time goes on obviously there's a question as to the credibility of the alleged victim if this case is refiled, if he were to come in and testify in this matter.

The state noted that this was the only statement of prejudice that had been offered by the defendant and that, as such, it presented insufficient grounds for prejudice. Nonetheless, at the end of these exchanges, the trial court determined that dismissal with prejudice was warranted, stating simply:

I think the passage of six months is insufficient grounds for prejudice. The motion to dismiss with prejudice is granted.

The Court finds pursuant to Rule 16.5, that the interests of justice requires [sic] the dismissal to be with prejudice.

Thereafter the state timely filed this appeal.

## DISCUSSION

The state argues that the trial court abused its discretion in granting dismissal with prejudice because the trial court made no specific finding that a delay in prosecution would prejudice the defendant in this case and because the record itself does not reveal that dismissal without prejudice would result in any articulable prejudice to defendant. The state relies on *State v. Gilbert*, 172 Ariz. 402, 837 P.2d 1137 (App.1991), for its contention that the type of cursory finding made by the trial court in this case, without more, is insufficient to support a conclusion that dismissal with prejudice is, in fact, in the interests of justice. We agree.

As we held in *Gilbert* and in *State v. Garcia*, 170 Ariz. 245, 823 P.2d 693 (App. 1991), the mere passage of an arbitrary time limit is not sufficient to warrant dismissal of a case with prejudice. In both cases we

further held that "Rule 16.5(d) requires a *reasoned finding* that the interests of justice require the dismissal to be with prejudice." *Gilbert*, 172 Ariz. at 405, 837 P.2d at 1140; *Garcia*, 170 Ariz at 248, 823 P.2d at 696 (emphasis added).

We agree with defendant that the record in this case reflects the trial court's awareness of our rulings in *Gilbert* and *Garcia* that the mere lapse of a set amount of time is not sufficient by itself to support a dismissal with prejudice. However, we find that the trial court overlooked our additional holding that Rule 16.5 requires a trial court to make a "reasoned finding" that the interests of justice require the dismissal to be with prejudice. *Id.* We agree with the state that a "reasoned finding" demands more of a trial court than the rote recitation into the record of the legal incantation "interests of justice" in order to meet the requirements of Rule 16.5. In our opinion, the rule requires the trial court to state on the record its reasons for concluding that dismissal with prejudice is in the interests of justice. This statement must be based on a particularized finding that to do otherwise would result in some articulable harm to the defendant. Therefore, we hold that the trial court's perfunctory statement that the "interests of justice" required dismissal with prejudice in this case does not constitute the "reasoned finding" required by Rule 16.5(d) to support dismissal with prejudice.

Furthermore, while in some instances this court may affirm a trial court's summary dismissal with prejudice were the record to demonstrably require it, the record in this case reveals no harm that would result to defendant were the case to be dismissed without prejudice. Defendant's motion for dismissal did not articulate any harm that would befall defendant if the case were dismissed without prejudice, but simply argued dismissal based upon the passage of the six months as previously set by the trial court. Even after the trial court's prompting, defendant's sole proffer of harm consisted merely of an insinuation that the state's inability to contact the victim called into question the victim's credibility. We agree with the state that this was sheer speculation on defen-

dant's part and did not provide grounds for establishing prejudice to the defendant.

Since neither the trial court's findings nor the record in this case support the dismissal with prejudice, the order dismissing with prejudice is vacated. We remand this matter to the trial court with directions to enter an order dismissing the case without prejudice.

JACOBSON, P.J., and WEISBERG, J., concur.