868 P.2d 350

**In the Matter of the Appeal in MARICOPA COUNTY NO. JV–114857.**

**No. 1 CA–JV 92–0070.**

Court of Appeals of Arizona, Division One, Department E.

July 22, 1993.

Review Denied March 1, 1994.*

Richard M. Romley, Maricopa County Atty. by Q. Dale Hatch, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by David Katz and Ellen Edge Katz, Deputy Public Defenders, Phoenix, for appellee.

## OPINION

VOSS, Presiding Judge.

The sole issue for our review is whether the trial court erred when it dismissed, with prejudice, certain delinquency petitions filed against the juvenile. We hold that the juvenile court may only dismiss a case with prejudice if the interests of justice require it. Here, the trial court made no finding that justice required a dismissal with prejudice. Accordingly, the court's order is vacated and the matter is remanded for further proceedings consistent with this opinion.

## FACTS

The state filed delinquency petitions alleging that the juvenile had committed several delinquent acts. The state subsequently requested a transfer hearing to determine if the matters should be transferred and the juvenile prosecuted as an adult.

Rule 14, Rules of Procedure for the Juvenile Court (R.P.J.C.), provides that a transfer hearing shall be conducted in two phases—a probable cause determination and a transfer determination. During the probable cause phase of the transfer hearing, the state moved to dismiss several counts because witnesses needed to establish probable cause on those counts had failed to appear at the hearing. The trial court asked the state to provide it with proof of service indicating that the witnesses were properly served. The court stated that it would grant the dismissals without prejudice if the prosecutor had properly served the witnesses.

The prosecutor later informed the court that one of the witnesses was never served a subpoena and the other two were served but thought the hearing was on another date. The court dismissed with prejudice the count involving the witness who was never served and gave the prosecutor additional time to file proof of service for the other two witnesses. The prosecutor subsequently responded that he could not file a proof of service for the two witnesses because the subpoenas were mailed to them. The trial court then dismissed the remaining counts with prejudice.

In reaching its decision to dismiss with prejudice, the court found that dismissing the petitions without prejudice would have the same effect as granting a motion to continue for an indefinite period of time. The court found that because the prosecutor failed to prove service, there were no extraordinary circumstances as required by Rule 6.1, R.P.J.C., for a continuance.

## DISCUSSION

The question before us is when may a juvenile court dismiss a case with prejudice? The juvenile rules and case law do not provide us with a clear answer to this question. Rule 6.1(j) directs the trial court to dismiss with or without prejudice if it finds that a time limit has been violated. Rule 14, the only other juvenile rule that refers to a dismissal, does not state whether dismissal should be with or without prejudice.

This court has recently addressed this issue in the adult setting. We stated that the trial court could only dismiss a case with prejudice if the interests of justice require it.

*State v. Gilbert*, 172 Ariz. 402, 837 P.2d 1137 (App.1991). The primary consideration must be whether delay in prosecution will prejudice the defendant. *Id.* We also stated that the need for finality alone is not a sufficient reason to dismiss a case with prejudice as that need was served by the applicable statute of limitation. *Id.* Nor can the state's attempt to avoid the running of a time limit justify a dismissal with prejudice. *Id.* However, "if the defendant can show that the state delayed for the purpose of gaining a tactical advantage over him or to harass him, and if he can show that he actually suffered prejudice as a result of the state's conduct, a dismissal with prejudice would be justified." *State v. Garcia*, 170 Ariz. 245, 248, 823 P.2d 693, 696 (App.1991).

Although generally "procedure[s] followed in adult prosecution[s] [are] not applicable to juvenile proceedings," *State ex rel. Dandoy v. Superior Court*, 127 Ariz. 184, 187, 619 P.2d 12, 15 (1980), adult procedures have been made applicable to the juvenile system in several areas. *Id.* (adult procedure followed to determine mental competency); *Matter of Maricopa County Juvenile Action No. J–72804*, 18 Ariz.App. 560, 504 P.2d 501 (1972) (standards for adult pleas applicable to juvenile). We believe that dismissals in the juvenile system are one of those areas where the procedures followed in adult prosecutions should apply to juvenile cases.

■ In both the juvenile and the adult system, the decision to file charges and maintain the action is within the sound discretion of the prosecutor. *State v. Tsosie*, 171 Ariz. 683, 685, 832 P.2d 700, 702 (App.1992); *Matter of Maricopa County Juvenile Action No. J–81405–S*, 122 Ariz. 252, 594 P.2d 506 (1979). Allowing the trial court to dismiss cases with prejudice without a finding that the interests of justice so required would impinge on "the broad latitude traditionally afforded prosecutors in this regard." *Tsosie*, 171 Ariz. at 685, 832 P.2d at 702. Thus, a dismissal in the juvenile court should be without prejudice unless the court finds that the interests of justice require otherwise.

■ Our conclusion is consistent with the Arizona Rules of Procedure for the Juvenile Court. Rule 6.1, relied upon by the trial court, requires the court to dismiss a delinquency petition "[i]f the court determines, after hearing, that a time limit established [by the rules] has been violated...." The rule permits the court to dismiss the petition with or without prejudice. The trial court held that the motion to dismiss was, in effect, a motion for a continuance, apparently on the theory that the case could be refiled. Of course all dismissals without prejudice will have that effect. Noting that the court would not grant a continuance in this case because there was no showing of extraordinary circumstances, the court made the dismissal with prejudice. This reasoning if carried to its logical conclusion would nullify the provision in Rule 6.1 that allows for dismissals without prejudice.

■ Here, the court never determined that a time limit had been violated, which is the only avenue allowing dismissal pursuant to the rule. Rule 6.1 does not permit the court to dismiss a case in lieu of denying a continuance. Rather the court must deny the request for a continuance and then dismiss a case if time limits are violated as a result. In any event, such an action would be inappropriate here, where it is undisputed that the prosecutor did not request a continuance and no time limits were violated. Thus, the dismissal of these petitions may not be sustained under Rule 6.1.

Rule 14 is the only other juvenile rule that provides for dismissal of a petition. Rule 14 governs how a transfer hearing is conducted. Under Rule 14, the court shall dismiss a petition if, at the transfer hearing, it finds that probable cause does not exist. The rule does not state whether the dismissal is to be with or without prejudice.

■ Rule 14, however, directs that the probable cause phase of the transfer hearing shall be conducted in accordance with Rules 5.3 and 5.4(c), Ariz.R.Crim.P. Rule 5.3 and 5.4(c) pertain to preliminary hearings in superior court. The adult preliminary hearing is analogous to the probable cause phase of a transfer hearing in juvenile court. *Matter of Maricopa County Juvenile Action No. J–72804*, 18 Ariz.App. 560, 564, 504 P.2d 501, 505 (1972). Rule 5.4(d), Ariz.R.Crim.P., like

**340**

Rule 14, directs the trial court to dismiss a case if it appears there is no probable cause to believe an offense has been committed or that defendant committed the offense. In the adult setting, dismissal for lack of probable cause is always without prejudice. *See* Comment Rule 5.4(b).

Again, we see no reason not to adopt the procedure followed in the adult system.· We recognize the need for speed and finality in the juvenile court system; however, this need, without more, cannot override the state's interest in prosecution and rehabilitation of delinquent youths. Thus, if this dismissal was solely pursuant to Rule 14, it must be without prejudice.

To summarize, the court may not dismiss a juvenile prosecution with prejudice unless the court finds that justice requires it. To dismiss with prejudice under Rule 6.1, the trial court must find that a time limit has been violated and that justice requires dismissal with prejudice. Lastly, Rule 14 only allows for dismissal without prejudice.

GERBER and LANKFORD, JJ., concur.