71 P.3d 916

### In re ARNULFO G.

### No. 1 CA–JV 02–0140.

Court of Appeals of Arizona, Division 1, Department C.

May 6, 2003.

As Amended and Redesignated as Opinion June 27, 2003.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Richard M. Romley, Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Patricia Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender By Suzanne Sanchez, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

HALL, Judge.

¶ 1 The state appeals from an order of the juvenile court dismissing with prejudice a citation charging Arnulfo G. ("Juvenile") with two misdemeanor driving under the influence ("DUI") offenses, as well as other traffic violations. Juvenile turned eighteen in January 2003 while this appeal was pending and filed a motion to dismiss the appeal as moot. We deny that motion because the outcome of this appeal will determine whether the state can prosecute Juvenile in adult court. For the following reasons, the order dismissing the citation with prejudice is vacated, and we remand this matter to the trial court with directions to enter an order dismissing the case without prejudice.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On July 6, 2002, Phoenix Police issued Juvenile an Arizona Traffic Ticket and Complaint, charging him with both DUI and DUI with an alcohol concentration of .08 or higher, both class one misdemeanors, as well as underage drinking and speeding. This citation was filed in the juvenile court on July 16, 2002 and an advisory hearing was scheduled for August 7, 2002. At the time Juvenile was cited for these offenses, he was seventeen years, six months of age.

¶ 3 Prior to the advisory hearing, the state obtained a copy of Juvenile's driving record from the Motor Vehicle Department and discovered that Juvenile's license had been suspended at the time of the cited offenses as a result of a prior DUI offense. The state provided Juvenile with this information and

on August 6, 2002, moved to amend the DUI-related charges in the citation to two counts of aggravated DUI, both class four felonies.

¶ 4 At the advisory hearing on August 7, 2002, the state offered Juvenile a plea agreement to stay in juvenile court and admit to one count of aggravated DUI. Juvenile declined the plea offer, entered a denial to the charges, and requested that the matter be set for an adjudication hearing. Juvenile also asked the court for the "allowed" time to respond to the state's motion to amend. In his response to the state's motion to amend, Juvenile requested that the juvenile court deny the state's motion arguing that felony charges could not properly be included in a traffic citation. By minute entry dated September 9, 2002, the court denied the state's motion to amend the citation.

¶ 5 On September 25, 2002, the time set for the adjudication hearing, the state moved the court to dismiss the citation without prejudice so that felony charges against Juvenile could be filed in adult court. Juvenile argued that any dismissal should be entered with prejudice, complaining that due to the state's mistake in citing him for misdemeanor rather than felony DUI offenses, he would be prejudiced by a harsher punishment in adult court. The juvenile court, noting that it was "very concerned about the fact that because of the age, the juvenile's age, that he would be subject to prosecution in adult court under the circumstances for the same—for the same offenses[,]" ordered that the parties brief the issue of whether the dismissal of the citation should be with or without prejudice. The juvenile court also set another non-witness violation hearing on this and another unrelated citation for October 24, 2002.

¶ 6 On October 24, 2002, the juvenile court ordered that the July 16, 2002 citation be dismissed with prejudice. The state filed a timely notice of appeal.

## DISCUSSION

¶ 7 On appeal, the state argues that the juvenile court abused its discretion in dismissing the July 16, 2002 citation with prejudice in the absence of evidence that the

state exceeded any time limits, delayed the case in order to gain a tactical advantage, or caused actual prejudice to Juvenile.[1] "We review an order granting a motion to dismiss criminal charges for an abuse of discretion or for the application of an incorrect legal interpretation." *State v. Lemming,* 188 Ariz. 459, 460, 937 P.2d 381, 382 (App.1997).

¶ 8 This court has held that the procedures followed in dismissing adult criminal prosecutions should also apply in juvenile cases. *Maricopa County Juv. Action No. JV–114857,* 177 Ariz. 337, 339, 868 P.2d 350, 352 (App.1993). That is, dismissal of a prosecution shall be without prejudice to the state commencing another prosecution unless the court finds that the "interests of justice" require that the dismissal be with prejudice. *Id.* at 338–39, 868 P.2d at 351–52; Ariz. R.Crim. P. 16.6(d).

¶ 9 In *JV–114857,* the court noted that under the rules of the juvenile court, the court could dismiss a case either with or without prejudice if it found that the time limits of juvenile speedy justice were violated. *JV–114857* at 338, 868 P.2d at 351 (citing former Ariz. R.P. Juv. Ct. 6.1(j), currently Rule 18(C)). In the absence of a speedy trial violation, a dismissal with prejudice would only be justified if Juvenile could demonstrate that the state delayed the case for the purpose of gaining a tactical advantage over him or to harass him, and if he could show that he actually suffered prejudice as a result of the state's conduct. *Id.* at 339, 868 P.2d at 352. Indeed, the most important consideration as to whether a dismissal should be with or without prejudice is whether a delay will result in prejudice to the accused. *State v. Gilbert,* 172 Ariz. 402, 404, 837 P.2d 1137, 1139 (App.1991). The type of harm that will justify dismissal with prejudice is a harm that would actually impair the accused's ability to defend against the charges. *Id.* at 405, 837 P.2d at 1140.

¶ 10 No time limits were violated in this case. As the state correctly points out, the

advisory hearing was held within thirty days of the date the charges were filed as required by Arizona Rule of Procedure for the Juvenile Court 28(B)(2). Likewise, the adjudication hearing scheduled for September 25, 2002, would have occurred within the sixty day time limits of Arizona Rule of Procedure for the Juvenile Court 29(B)(2) had the state not moved to dismiss the matter. Thus, after September 25, 2002, the only question remaining, as a result of Juvenile's request to respond to the state's motion, was whether the dismissal would be with or without prejudice. It would defy common sense to require that this case be dismissed with prejudice because speedy justice time limits were exceeded while the court was deciding whether to dismiss the case with or without prejudice. *See also* Ariz. R.P. Juv. Ct. 17(B)(1) (delay "occasioned by or on behalf of the juvenile" is excluded from the computation of the Juvenile speedy justice limits).

¶ 11 Nor did the court make any findings that the state had delayed the case in order to gain a tactical advantage over Juvenile or to harass him. In fact, despite Juvenile's claims to the contrary, the state violated no discovery deadlines in this matter and informed Juvenile of the information it had discovered concerning his driver license suspension even before the advisory hearing. *See* Ariz. R.P. Juv. Ct. 16(B)(1) (state is required to provide Juvenile with discovery within ten days of the advisory hearing). Although the state's attempt to bring felony charges against Juvenile in this case by seeking to amend the traffic citation may not have been effective, there was no evidence that such action was deliberately undertaken by the state in order to gain a tactical advantage over Juvenile, or to harass him.

¶ 12 Moreover, although Juvenile correctly states that the juvenile court was not required to utter the magic words "in the interests of justice" in dismissing this matter with prejudice (*see State v. Granados,* 172 Ariz. 405, 407, 837 P.2d 1140, 1142 (App.

---

1. The state also argues that the juvenile court erred in denying the state's motion to amend the citation to allege aggravated DUI offenses. Although our resolution of this case does not require us to decide this issue, we do note that by

statute and case law, the Arizona Traffic Ticket and Complaint form is limited to the charging of non-felony offenses. Ariz.Rev.Stat. ("A.R.S.") § 8–301(3) (1999); *In re Luis A.,* 197 Ariz. 451, 453–54, ¶¶ 9–10, 4 P.3d 994, 996–97 (App.2000).

1991)), it was required to make a *reasoned* finding that prejudice to Juvenile would result if the matter were not dismissed with prejudice. *See State v. Wills*, 177 Ariz. 592, 594, 870 P.2d 410, 412 (App.1993).

¶ 13 Here, the only prejudice articulated by Juvenile and found by the juvenile court was that Juvenile would be prejudiced by the possibility of prosecution for felony offenses in adult court. Even if this were the type of legally cognizable prejudice that would impair Juvenile's ability to defend himself against such charges, which it is not, Juvenile has still failed to demonstrate, and the court failed to find, that any such prejudice to Juvenile was the result of any deliberate conduct by the state.

## CONCLUSION

¶ 14 Because neither the trial court's findings nor the record in this case support the dismissal with prejudice, the order dismissing the case with prejudice is vacated. We remand this matter to the juvenile court with directions to enter an order dismissing the case without prejudice.

CONCURRING: CECIL B. PATTERSON, JR., *Presiding Judge* and JEFFERSON L. LANKFORD, *Judge.*