NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ANGEL O., *Appellant,*

*v.*

ARIZONA DEPARTMENT OF CHILD SAFETY,[1] J.M. and L.A., *Appellee.*

No. 1 CA-JV 13-0297

FILED 07-01-2014

---

Appeal from the Superior Court in Yavapai County
No. V1300JD201280006
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

COUNSEL

The Ledbetter Law Firm, P.L.C., Cottonwood
By James E. Ledbetter, Kelley J. Ruda
*Counsel for Appellant*

Attorney General's Office, Tucson
By Erika Z. Alfred
*Counsel for Appellee*

---

[1] Pursuant to S.B. 1000, Section 157, 51st Leg., 2d Spec. Sess. (Ariz. 2014) (enacted), the Arizona Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter. *See* ARCAP 27. We refer to the agency in the body of our decision as ADES to be consistent with the record from juvenile court.

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**T H O M P S O N,** Judge:

¶1        Appellant Angel O. (grandmother) appeals from the judgment of the family court denying her motion to change the physical placement of her grandchildren, G.M. and A.L. (the children), to her. Because we find that the family court did not abuse its discretion in denying grandmother's motion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Grandmother is the mother of adult Melissa M. (mother). Grandmother gave birth to mother in 1988 when she was fifteen years-old and Child Protective Services provided her services, teaching her how to bathe and dress the child and educating her about child development.  At age eleven, mother was sexually assaulted by grandmother's first husband who later went to prison for the offense.  At fifteen, mother accused grandmother's second husband of sexually assaulting her and CPS again became involved.[2]  CPS took mother into custody, refusing to return daughter while grandmother stayed with her second husband. Grandmother repeatedly told her daughter that she could return home only if she recanted the allegations.  Mother remained in foster care until the age of majority.

¶3        Mother then went on to have three children of her own between 2008-2011.  In July and September of 2011, CPS received reports that mother was an unfit parent.  In 2012, after additional reports that the children were in danger and mother was threatening to kill herself, CPS took the children into custody.  Grandmother requested that the children be placed with her.  The Arizona Department of Economic Security (ADES) denied her request after a home study.  When ADES moved to terminate the parental rights of mother and father, grandmother petitioned to intervene in the dependency.  Grandmother's petition to

---

[2]  Grandmother asserts that mother later recanted this statement.

intervene was granted. Grandmother renewed her request that the children be placed with her. While that request was pending, the parties to the severance, including grandmother, stipulated to "submitting the [mother's severance] matter on the record and having the court review the exhibits." The parents' rights to the children were terminated.

**¶4** Grandmother's evidentiary hearing on placement took place after mother's and father's parental rights were terminated. The family court heard testimony from grandmother, a psychologist who evaluated grandmother, a parental aid who observed visitations, and from the CPS case manager. Neither the parental aid nor the psychologist noted any current problem with grandmother having placement of the children. The psychologist found grandmother optimistic and opined that she had matured from her prior poor choices and now seemed to have good judgment. The parental aide noted that grandmother exercised "good safety guidelines during visitation" and the children's "faces light[] up when they see her." Grandmother testified that since the first home study, she was making more money, and that she had gotten a larger apartment and her adult son had moved out.[3] Grandmother testified that she loved the children, has matured from when she herself was a young parent and was committed to raising the children.

**¶5** ADES continued to object to grandmother's request for a placement of the children with her. The objection was based on safety issues from an earlier home study and issues related to grandmother's financial stability, as well as her previous history with CPS and that grandmother had failed to "follow through" with therapy during the time she was parenting mother. A CPS report admitted without objection noted grandmother had demonstrated a prior "inability to protect children" and called her past parenting "questionable." The caseworker testified that it was ADES's position that placement with the grandmother was not in the children's best interests. The caseworker testified that ADES was moving towards adoption by the foster family and that result was in the children's best interests.

**¶6** During the caseworker's testimony, grandmother opposed admission of three of ADES's exhibits on the grounds that they were inadmissible hearsay under Arizona Rule Procedure for the Juvenile Court 45(C) because the employees who drafted the reports were not

---

[3] Grandmother disclosed the move to CPS at a court hearing but did not provide the new address.

available for cross-examination. Grandmother's objections were overruled by the family court because she had not objected to the exhibits in writing before the trial.

¶7 Ultimately, the court denied grandmother's motion to change physical placement, noting:

> I've been the judge on this case for quite sometime and we don't just have hearsay, what we've got is the fact that, you know, [grandmother] had a husband who was convicted of molesting [mother] and the minimization of what happened is troubling to this court. It's clear to me that it wasn't just the one bedroom apartment with some safety concerns that caused the denial of the home study.
>
> And I can tell you, based on the information I have so far I wouldn't certify the grandmother to adopt these kids and so if I wouldn't certify a grandmother under the circumstances to adopt these kids, I'm certainly not going to place little children who need permanency in a non-adoptive placement, and I'm not going to grant the motion for change of physical custody for that reason.

Grandmother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) (2003), -2101(A)(4) (Supp. 2013), and 8-235(A) (2014).

## DISCUSSION

¶8 On appeal grandmother asserts that the family court erred in admitting CPS reports over her objection and in failing to properly determine what was in the children's best interests by failing to account for her current situation and her current ability to care for the children.

¶9 Family courts have substantial discretion when handling the placement of dependent children because the court's role is to determine what is in the best interests of the children. *See* A.R.S. § 8–845(A)(2) (2011); *see also Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, 404, ¶ 8, 187 P.3d 1115, 1117 (App. 2008). We review orders denying motions for change in physical custody for an abuse of discretion. *Antonio P.*, 218 Ariz. at 404, ¶ 8, 187 P.3d at 1117. An abuse of discretion occurs when a decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City Court of City of Tucson*, 132 Ariz. 35, 37, 643 P.2d 738, 740 (App. 1982).

¶**10**         On appeal, grandmother asserts that the family court abused its discretion in admitting Exhibits 48, 49, and 57 because the employees who prepared the reports were unavailable for cross-examination. [4] [OB at 16]   Rule 45(C) of the Rule of Procedure of the Juvenile Court provides that reports by protective service workers shall be admitted into evidence if the worker who prepared the report is available for cross-examination and the reports were timely disclosed.   Ariz. R. Juv. Ct. P. 45(C). Noncompliance with the rules of procedure reviewed for harmless error when an objection has been raised.  *See Monica C. v. Ariz. Dep't. of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 22, 118 P.3d 37, 42 (App. 2005); *see also State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 17-18, 115 P.3d 601, 607 (2005) ; *State v. Bible*, 175 Ariz. 549, 588, 858, P.2d 1152, 1191 (1993) (when objections were raised in the family court, the harmless error standard is applied).  "The test for determining harmless error is 'whether there was reasonable probability . . . that a verdict might have been different had the error not been committed.'"  *State v. Williams*, 133 Ariz. 220, 225, 650 P.2d 1202, 1207 (1982).   The "erroneous admission of evidence which [is] entirely cumulative constitute[s] harmless error."  *Id.* at 226, 650 P.2d at 1208; *see also State v. Wilson*, 113 Ariz. 363, 366, 555 P.2d 321, 324 (1976).

¶**11**         We have reviewed the objected to exhibits and the record in this matter.   At the underlying severance trial the parties, including grandmother, stipulated to the admission of numerous exhibits.  Because the substance of the objected to exhibits can be found elsewhere in the record or were events testified to during the evidentiary hearing, we find that the evidence was cumulative and therefore harmless.  *See Williams*, 133 Ariz. at 226, 650 P.2d at 1208.

---

[4] Exhibit 48 contains grandmother's biological information and notes that grandmother requested CPS to place one of the children with her, that grandmother has been a resource during prior CPS incidents and has been utilized as a "safety monitor," and that a home study will be needed prior to determining the children's placement with grandmother.  Exhibit 49 details CPS's status of services, reasons for why a home study had not yet been completed for grandmother, notes regarding grandmother's role and presence during the case manager's visits, and CPS's recommendations regarding grandmother's presence in future visits.  Finally, Exhibit 57 is a report containing grandmother's biological information, an outline of grandmother's motivation for wanting the children to be placed with her, and a summary of grandmother's and mother's prior history with CPS.

**¶12** Grandmother next asserts that the court abused its discretion by failing to give adequate weight to her ability to properly care for the children when determining their best interests. We do not find the family court abused its discretion. The family court had a long exposure to this family and was in the best position to determine what was in the children's best interests. There is substantial evidence in the record that supports the family court's decision denying grandmother's motion for physical placement of the children.

**¶13** For the foregoing reasons, we affirm the family court's decision denying grandmother's motion to change the physical placement of the children.



Ruth A. Willingham · Clerk of the Court
FILED: gsh