NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

DAVID THOMAS GOOLD, *Appellee*.

No. 1 CA-CR 14-0870
FILED 2-25-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-107020-001 DT
The Honorable John R. Ditsworth, Judge

**REVERSED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Appellant*

Brown & Little, P.L.C., Tempe
By Matthew O. Brown
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

**¶1**        The State appeals the trial court's order dismissing this case with prejudice after its attorney at trial read a question in an interview transcript referring to the defendant, David Goold, invoking his Fifth-Amendment rights.  For the following reasons, we reverse and remand the case to the trial court for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The defendant was indicted for one count of aggravated assault, a class 3 dangerous felony.  At trial, defense counsel, Daniel Raynak, conducted a lengthy cross-examination of Phoenix Police Officer Manzietti, and used the transcript of a taped telephonic pre-trial interview to question and arguably impeach Officer Manzietti.  On redirect examination, Officer Manzietti indicated that one explanation for why her testimony at trial was arguably different from that provided in the interview with the defense counsel was that Mr. Raynak was yelling at her during the interview, and that she did not understand some of the questions.  Mr. Raynak then asked to have the entire recording of the interview played.  The State indicated at a sidebar conference it had no objection to the entire recording being played, but noted that one of Mr. Raynak's questions during the interview referenced his client's invocation of his Fifth-Amendment rights; the trial court then directed that the relevant portion of the interview transcript be read to the jury.[1]  When the State's attorney, Mr. Hinrichsen, asked Officer Manzietti to point out her answers showing she had not understood the questions on page 10 of the interview transcript, Mr. Raynak objected and requested that some context be

---

[1]        Mr. Raynak did not question whether reading the transcript would be sufficient to show whether he was yelling during the interview.

provided for the answers that were going to be read aloud.[2] The court then directed Mr. Hinrichsen to read the question:

> **Hinrichsen**: What specific responses, and I will refer you to page 10, are things that you told Mr. Raynak that you don't understand the question.
>
> **Raynak**: Your Honor, I am going to object unless we read it and put it in context where she specifically advised she is not answering the question. You can't pull something out of thin air and say that.
>
> **Hinrichsen**: I'm fine if you [Mr. Raynak] want to read the questions and the answers.
>
> **The Court**: Go ahead.
>
> **Hinrichsen**: [Speaking to the witness] Go ahead and read the questions and the answers.
>
> **Manzietti**: The question is, from Mr. Raynak—well, do you want the question from page 9?
>
> **The Court**: Mr. Hinrichsen, you read the question and have her read her response.
>
> **Hinrichsen**: Will do. Page 9. "I understand you would have done that but you already admitted and it's in the officer's reports, you told them that there was already probable cause to arrest before they even stopped the suspect, before he even had a chance to invoke his rights. You already made a decision—
>
> **Mr. Raynak**: May we approach?

At the subsequent bench conference, defense counsel immediately sought a mistrial and dismissal with prejudice; the court granted a mistrial, discharged the jury and, after briefing and oral argument, the court dismissed the case with prejudice.

---

[2] The transcript of the interview was not admitted into evidence and thus is not in the record.

**¶3**          The State timely appealed.  We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and 13–4032(1).[3]

## ANALYSIS

**¶4**          We review the trial court's order "granting a motion to dismiss criminal charges for an abuse of discretion or for the application of an incorrect legal interpretation."  *State v. Lemming*, 188 Ariz. 459, 460, 937 P.2d 381, 382 (App. 1997).  The State does not contest the mistrial order; however, it contends the dismissal should have been without prejudice. The defendant contends that the trial court's ruling was appropriate.[4]  The record[5] is silent as to how the trial court reached its decision to dismiss with prejudice.

---

[3]          We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the relevant events.

[4]          On appeal, the defendant continues to rely almost entirely on the factors listed in *State v. Huffman*, 222 Ariz. 416, 215 P.3d 390 (App. 2009) as justification for the trial court's dismissal with prejudice.  *Huffman* does not resolve the issue presented in this case.  *Huffman* involved a case where, after two hung juries, a defendant was tried a third time and convicted.  *Id.* at 392, ¶ 1, 215 P.3d at 418.  The issues on appeal in *Huffman* were whether a third prosecution constituted double jeopardy, and if not, whether principles of due process barred the third prosecution.  *Id.*  The court held that a successive prosecution following two hung juries did not constitute double jeopardy, and that due process only required that the trial court consider and balance the competing interests of the State and the defendant in determining whether a third trial should be permitted or whether the charges should instead be dismissed with prejudice.  *Id.* at 419 & 422, ¶¶ 7 & 15, 215 P.3d at 393 & 396.

[5]          The defendant contends the record on appeal is incomplete because the State only submitted transcripts for two days of the trial, one for the day when the prosecution read the transcript in question and the other for the day of the hearing on the defendant's motion to dismiss with prejudice.  We disagree.  The appellant has the duty to ensure the record contains material or documents necessary for us to review the contended matter.  *State v. Lavers*, 168 Ariz. 376, 399, 814 P.2d 333, 356 (1991).  Here, the State has

¶5          Rule 16.6, Arizona Rules of Criminal Procedure, provides:

> **a. On Prosecutor's Motion.**  The court, on motion of the
> prosecutor showing good cause therefor, may order that a
> prosecution be dismissed at any time upon finding that the
> purpose of the dismissal is not to avoid the provisions of Rule
> 8 [on speedy trial].
>
> **b. On Defendant's Motion.**  The court, on motion of the
> defendant, shall order that a prosecution be dismissed upon
> finding that the indictment, information, or complaint is
> insufficient as a matter of law.
>
> . . .
>
> **d. Effect of Dismissal.**  Dismissal of a prosecution shall be
> without prejudice to commencement of another prosecution,
> unless the court order finds that the interests of justice require
> that the dismissal be with prejudice.

Ariz. R. Crim. P. 16.6.

¶6          As provided by the rule and existing case law, a trial judge
may dismiss a prosecution under the authority of Rule 16.6; however, this
rule favors dismissal without prejudice:  "dismissal of a prosecution shall
be without prejudice . . . unless the court order finds that the interests of
justice require that the dismissal be with prejudice."   Ariz. R. Crim. P.
16.6(a), (b), & (d); *State v. Granados*, 172 Ariz. 405, 407, 837 P.2d 1140, 1142
(App. 1991).   The rule specifically "requires the trial court to make 'a
reasoned finding' that the interests of justice require the dismissal to be with
prejudice."  *State v. Wills*, 177 Ariz. 592, 594, 870 P.2d 410, 412 (App. 1993);
*accord State v. Gilbert*, 172 Ariz. 402, 405, 837 P.2d 1137, 1140 (App. 1991);
*State v. Garcia*, 170 Ariz. 245, 248, 823 P.2d 693, 696 (App. 1991).  If such an
explicit finding is not present in the record, the record itself must contain
facts supporting such a finding. *Wills*, 177 Ariz. at 594, 870 P.2d at 412.  The
most important consideration in determining whether the interests of
justice require dismissal with prejudice is whether the defendant will suffer
prejudice from the delay if the case were to be retried.  *Gilbert*, 172 Ariz. at
404, 837 P.2d at 1139.  In this context, "prejudice" means a harm that would

---

fulfilled this duty as the days of trial and of any hearing relevant to the
dismissal were those two days.

actually impair the defendant's ability to defend against the charges. *In re Arnulfo G.*, 205 Ariz. 389, 391, ¶ 9, 71 P.3d 916, 918 (App. 2003).

¶7            In *Wills*, the trial court granted the defendant's motion to dismiss with prejudice, stating "I think the passage of six months is insufficient grounds for prejudice. The motion to dismiss with prejudice is granted. The Court finds pursuant to Rule 16.5 [the then-applicable rule provision], that the interests of justice requires [sic] the dismissal to be with prejudice." *Id.* On appeal, this court agreed with the trial court that the mere lapse of time was not sufficient to support a dismissal with prejudice, but held the trial court's perfunctory statement that the interests of justice required dismissal with prejudice did not, as a matter of law, constitute the "reasoned finding" required by Rule 16.6(d); *Gilbert*, 172 Ariz. at 405, 837 P.2d at 1140; and *Garcia*, 170 Ariz. at 248, 823 P.3d at 696. *Wills*, 177 Ariz. at 594, 870 P.2d at 412. This court then specifically examined the record; that review did not reveal any identifiable harm to the defendant if the case were to be dismissed without prejudice, nor had the defendant articulated any such harm. *Id.* at 594–95, 870 P.2d at 412–13. As a result, we directed that the dismissal in that case to be without prejudice. *Id.* at 595, 870 P.2d at 413.

¶8            In the present case, in granting dismissal with prejudice, the trial court simply stated:

> The Court has received Defendant's Motion to Dismiss with Prejudice, the State's response and the reply. Good cause appearing,
>
> IT IS ORDERED granting the motion.
>
> IT IS FURTHER ORDERED dismissing CR2014-107020-001 as to Defendant DAVID THOMAS GOOLD with prejudice.

Like the perfunctory statement in *Wills*, a conclusory statement of "good cause appearing" does not meet the requirement of a reasoned finding that the interests of justice require dismissal with prejudice. Nor does the record support such a finding.

¶9            In a related argument, the defendant also contends that jeopardy should attach because there was deliberate prosecutorial misconduct. A mistrial based on prosecutorial misconduct, however, generally does not bar a later retrial. *State v. Trani*, 200 Ariz. 383, 384, ¶ 6, 26 P.3d 1154, 1155 (App. 2001). Jeopardy may attach when a mistrial is granted or declared only if all of the following conditions exist:

1. Mistrial is granted because of improper conduct or actions by the prosecutor; *and*

2. such conduct is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal; *and*

3. the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial. *Pool v. Super. Ct. of Pima*, 139 Ariz. 98, 108–09, 677 P.2d 261, 271–72 (1984) (emphasis added).

**¶10**         The second and third prongs of the *Pool* test are at issue here. The State agrees that, barring waiver, the prosecution may not comment on a defendant's invocation of Fifth-Amendment rights. *See State v. Guerra*, 161 Ariz. 289, 296, 778 P.2d 1185, 1192 (1989) (prohibiting the prosecution from commenting on a defendant's invocation of the Fifth-Amendment rights). Even assuming then that improper conduct occurred, the next inquiry is whether the reading of the offending passage here was intentional or merely a mistake. Although the defendant contends the violation was deliberate, our review of the record suggests a conclusion that this was mere inadvertence. At worst, this was perhaps a situation of shared responsibility, as Mr. Raynak had the transcript in hand as Mr. Hinrichsen was starting to read the question that contained the offending passage. Both before the trial court and on appeal, the defendant argues that Mr. Hinrichsen and his supervising attorney, Mr. Lynch, concocted a plan during the lunch recess to deliberately include the reference to the defendant's invoking his rights; however, on this record, there is no proof to support such conjecture. Indeed, when Mr. Hinrichsen started to read from the transcript, he went first to the witness's answer, and not to the question itself.

**¶11**         As it relates to the third prong—the existence of prejudice as a result of the conduct, the defendant contends that he has been prejudiced and that the delay caused by the mistrial will adversely affect his ability to defend against the charge. In that regard, the defendant contends (1) that he suffers prejudice from passage of time; (2) that his memory and ability to testify on his own behalf would not improve; (3) that his incarceration would be prolonged; (4) that he would suffer additional financial and emotional anxiety if the case were retried; and (5) that potential witnesses

who were available at the first trial setting may not be available for any retrial.

¶12        The existence of actual or potential prejudice is a critical element both under Rule 16.6 and in determining whether jeopardy should attach after an incidence of prosecutorial misconduct.   None of the generalized harm from delay as identified by the defendant (items (1)–(4) above) would impair his ability to defend against the charge.  *See Wills*, 177 Ariz. at 594, 870 P.2d at 412 (stating mere lapse of time is not sufficient to justify dismissal with prejudice); *Granados*, 172 Ariz. at 407, 837 P.2d at 1142 (stating generalizations like lack of finality or fading memories are not prejudicial and do not support a dismissal with prejudice).  Nor does any evidence in the record demonstrate that the delay was created for the purpose of gaining tactical advantage or harassing the defendant.  *See Arnulfo G.*, 205 Ariz. at 391, ¶ 9, 71 P.3d at 918 (stating a dismissal with prejudice is justified if the state delayed the case for the purpose of gaining a tactical advantage over or harassing the defendant).  Moreover, the defendant has not provided any information beyond hypothetical speculation that indicates any potential witnesses would be unavailable at the retrial.

## CONCLUSION

¶13        The trial court erred in not making the requisite findings to support a conclusion—required under Rule 16.6 and the applicable case law—that the interests of justice and/or principles of double jeopardy require a dismissal with prejudice in this case.  Further, our review of the record does not support such a conclusion, either.

¶14        The order dismissing the case with prejudice is reversed.  We remand the matter to the trial court with direction to enter an order dismissing the case without prejudice.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama