NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY ANDREW KRZNARICH, *Appellant.*

No. 1 CA-CR 15-0034
FILED 1-21-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-460304-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peter C. Rosales
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1　　　　Anthony Andrew Krznarich appeals his conviction for possession or use of methamphetamine and resulting probation grant. Krznarich argues the superior court improperly allowed testimony regarding his "possession" of methamphetamine that lacked foundation and violated his right to confront witnesses. Because he has shown no reversible error, Krznarich's conviction and probation grant are affirmed.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2　　　　In December 2013, Krznarich (who was not a probationer at that time) drove a probationer friend to a probation office in Scottsdale so his friend could meet with his probation officer. Individuals who enter the probation office must undergo a security screening, akin to one at a courthouse or airport, including a requirement that wallets be searched.

¶3　　　　A security officer, who did not testify at trial, contacted adult probation supervisor Dana Shepherd and asked her to come to the security area. When she arrived, Officer Shepherd met an individual she later learned was Krznarich, who was seated in the lobby. Officer Shepherd saw a container with an open wallet; on top of the open wallet was a small plastic baggy containing a white crystalline substance. Given a concern about the baggy, Officer Shepherd then contacted Scottsdale Police, and officers promptly arrived at the probation office.

¶4　　　　Officer Shepherd met with the police officers, explained the situation and directed them to the security area. She observed court security bring the container containing the wallet and baggy to the police officers. Officer Matthew detained Krznarich and took him and the container with the wallet and baggy into an interview room and read Krznarich his rights

---

[1] This court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Krznarich agreed to answer questions and, in his presence, Officer Matthew removed and inspected the contents of the wallet. Among other things, the wallet contained Krznarich's driver's license and social security card. Officer Matthew asked Krznarich questions related to the wallet and baggy and described Krznarich as acting "somewhat dejected." Officer Matthew recounted:

> When I asked him about the substance or the baggy and asked him what it was, he looked down at the ground and said, "It's meth."
>
> And I asked him for clarification. I said, "I'm sorry. I didn't hear you." And he looked up and said, "It's meth, man."

Officer Matthew testified that Krznarich did not express surprise, or offer any explanation for the methamphetamine or claim that someone else had placed the baggy in the wallet. Officer Matthew then arrested Krznarich. After he was arrested, Krznarich admitted to using methamphetamine with his probationer friend just before arriving at the probation office.

¶5        After he was arrested, an inventory search of Krznarich's car revealed a scale, a pipe and two pill bottles. One pill bottle had Krznarich's name on it and contained a baggy of marijuana. The pipe contained burnt residue identified as the result of smoking marijuana. The other pill bottle had the probationer's name on it and contained methamphetamine. Testing on the powder in the baggy showed the white substance was methamphetamine. Krznarich was charged with possession or use of methamphetamine, a dangerous drug, a Class 4 felony, possession or use of marijuana, a Class 6 felony, and possession of drug paraphernalia, a Class 6 felony.

¶6        As noted above, the security officer who first encountered Krznarich did not testify at trial. As relevant to this appeal, Krznarich claims the superior court twice allowed testimony from witnesses who lacked proper foundation. First, on direct examination, the State asked Officer Shepherd about her interaction with the police officers:

> Q.      And do you recall what you told [police]?
>
> A.      Our normal procedure is I meet them in the back of the building. We don't like to have

police cars in the front. So I met them in the back, explained to them that the defendant in this matter had brought in another probationer. While he was going through security, security had located a substance --

[Krznarich's counsel]: Objection. Foundation.

THE WITNESS: -- a baggy of question.

[Krznarich's counsel]: Objection. Foundation.

THE COURT: The objection is overruled. You can go ahead.

THE WITNESS: They located that and that I needed that to be looked at by a police officer and that we were also going to be taking the probationer into custody as well.

Second, on direct examination, the State asked Officer Matthew about questions he asked Krznarich:

Q. What did you ask [Krznarich]?

A. After the defendant was brought back to the back, he was detained, again, for officer safety reasons. I believe the court security or the security personnel there brought back a box with a wallet that had a small plastic baggy containing a white crystalline substance in it. I removed the wallet. There was also a driver's license and a social security card with Anthony Krznarich's name and information on it, if you will. Based on that, Mr. Krznarich had already been read Miranda rights. I made sure he was still aware he was under Miranda rights, and I asked him questions related to his wallet and the small baggy with white crystalline substance found within.

[Krznarich's counsel]: Objection as to the substance found in it, in the wallet. Foundation.

4

THE COURT: Overruled.

On cross-examination, both witnesses conceded that they had not personally seen Krznarich in possession of the wallet or the baggy.

¶7        The superior court denied Krznarich's motion for judgment of acquittal after the conclusion of the State's case and, at the conclusion of trial, the jury deliberated and found Krznarich guilty on all three counts. The superior court suspended sentence and placed Krznarich on intensive probation for three years.[2] This court has jurisdiction over Krznarich's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4033 (2016).[3]

## DISCUSSION

**I.        The Superior Court Properly Overruled Krznarich's Foundation Objections.**

¶8        Krznarich argues the superior court should have sustained his foundation objections to the testimony by Officers Shepherd and Matthew quoted above because they lacked personal knowledge. *See* Ariz. R. Evid. 602. As applicable here, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* This court reviews the superior court's rulings for an abuse of discretion and will affirm "absent a clear abuse or legal error and resulting prejudice." *Lohmeier v. Hammer*, 214 Ariz. 57, 60 ¶ 6 (App. 2006). "[A]n abuse of discretion 'is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83 ¶ 19 (App. 2005) (quoting *Quigly v. Tucson City Court*, 132 Ariz. 35, 37 (1982)). Prejudice results and the conviction will be reversed if there is "a reasonable probability that the verdict would have been different had the evidence not been admitted." *State v. Hoskins*, 199 Ariz. 127, 143 ¶ 57 (2000) (citation omitted). With these standards in mind, the court addresses Krznarich's arguments on appeal in turn.

---

[2] In this appeal, Krznarich does not challenge his conviction for possession or use of marijuana and possession of drug paraphernalia and resulting probation grants.

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9　　　　　Officer Shepherd was asked during direct "do you recall what you told [police?]" Krznarich's counsel did not object to the question when asked. After Officer Shepherd had described in several sentences what she told police (including that Krznarich and his friend had come to the probation office), she continued with a sentence stating: "While he was going through security, security had located a substance . . ." At that point, Krznarich's counsel objected "Foundation," Officer Shepherd continued "a baggy of question," Krznarich objected again "Foundation" and the court overruled the objection. Krznarich has not shown Officer Shepherd lacked foundation to provide this testimony. The question (to which no objection was made originally) called for what she recalled telling the police, information over which Officer Shepherd had personal knowledge and the appropriate foundation to provide. Similarly, Krznarich does not dispute that "a baggy of question" was located by security or that Krznarich was going through security at that same time, which is what prompted the call to Officer Shepherd in the first instance. Accordingly, Krznarich has not shown the superior court allowed the evidence on untenable grounds. *See Lashonda M.*, 210 Ariz. at 83 ¶ 19.

¶10　　　　　Similar to Officer Shepherd, Officer Matthew was asked during direct "[w]hat did you ask [Krznarich]?" Again, Krznarich's counsel did not object to the question when asked. After Officer Matthew had described in several sentences their discussion, he continued "I asked him questions related to his wallet and the small baggy with white crystalline substance found within." At that point, Krznarich's counsel objected: "Objection as to the substance found in it, in the wallet. Foundation." The superior court then overruled that objection. The testimony Krznarich objected to, however, was ambiguous in that it either could be construed as referring to the baggy being found within the wallet (a topic on which this witness likely did not have personal knowledge) or that the white crystalline substance was found within the baggy (a topic on which the witness did have personal knowledge). Given that ambiguity, Krznarich has not shown the superior court abused its discretion in denying the objection. Moreover, two questions later, Officer Matthew testified without objection to the following: "Q. What did you see generally inside that baggy? A. Again, there was a white, crystalline white substance contained within the plastic baggy that was inside the wallet." This evidence, to which Krznarich did not object, resolved any ambiguity in the earlier questioning.

## II.    The Confrontation Clause.

**¶11**        Krznarich argues for the first time on appeal that his right to confront his accusers was violated because the security officer did not testify at trial. The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the admission of testimonial statements at a criminal trial unless the declarant is available at trial for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). The Confrontation Clause, however, "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 59 n.9; *accord* Ariz. R. Evid. 801(c). Because Krznarich did not raise the issue in the superior court, this court will review for fundamental error. *See State v Boggs,* 218 Ariz. 325, 333, ¶ 31 (2008). "Accordingly, [Krznarich] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citations omitted). Krznarich has the burden of showing prejudice. *State v Henderson,* 210 Ariz. 561, 567 ¶ 19 (2005).

**¶12**        As explained above, the statements Krznarich challenges on appeal were made by witnesses who testified and were extensively cross-examined by Krznarich. No hearsay objection was made to the two questions challenged on appeal. Officer Shepherd was asked what she told the police to explain why they had been called, information offered to describe the investigation. Officer Matthew was asked what he personally asked Krznarich during an interrogation. Those statements were information necessary to place the Krznarich statements in context; Krznarich's answers were admissible as statements of an opposing party. Such evidence is not hearsay and is not subject to Confrontation Clause analysis. *United States v. Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012) (holding that Confrontation Clause does not apply to defendant's own statements).

**¶13**        Even if the statements had violated Krznarich's Confrontation Clause rights, he has not shown resulting prejudice. In this case, there was substantial additional evidence tying Krznarich to the baggy. When the baggy was given to police, it was on top of a wallet that contained two forms of Krznarich's identification, and Krznarich did not deny ownership or possession of either the wallet or baggy. Additionally, when asked about the baggy, and without any need to associate the baggy with the wallet, Krznarich immediately identified the contents of the baggy as methamphetamine. Krznarich also went beyond simply identifying what was in the baggy to admitting having used methamphetamine shortly

before arriving at the probation office. Krznarich has not shown the admission of these statements violated his Confrontation Clause rights, let alone that such an error was fundamental and resulted in prejudice. *See Henderson*, 210 Ariz. at 567 ¶¶ 19-20; *James*, 231 Ariz. at 493 ¶ 11.

## CONCLUSION

**¶14**        Krznarich's conviction for possession or use of methamphetamine and resulting probation grant are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama