541 P.2d 964

The STATE of Arizona ex rel. Dennis DeCONCINI, Pima County Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable Lee Garrett, Respondent;

and

Henry APODACA, Real Party in Interest.

No. 2 CA–CIV 1989.

Court of Appeals of Arizona, Division 2.

Oct. 31, 1975.

Rehearing Denied Dec. 5, 1975.

**174**

Dennis DeConcini, Pima County Atty., by Jack L. Lansdale, Jr., Deputy County Atty., Tucson, for petitioner.

Bolding, Oseran & Zavala, by Richard Oseran, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

Real party in interest was indicted on January 27, 1975, on two counts of unlawful possession of narcotics for sale in violation of A.R.S. § 36–1002, one count involving cocaine and the other hashish.

He was arraigned on March 18 and a trial date was set for May 6. At the omnibus hearing on April 28, defense counsel moved for a continuance of the trial date because of a trial conflict, whereupon Judge Fenton granted a 60-day continuance. Pursuant to Judge Fenton's order, the court administrator reset the trial for June 24.

On June 16, defense counsel filed another motion to continue for the reason that a trial conflict existed and a plea bargain was being negotiated. The trial date was vacated and the trial and hearing on motion to suppress were reset for July 23.

On June 23, the state moved for a change of judge. The motion to suppress was heard on July 25 by Judge Buchanan who denied the motion on July 30, and ordered the court administrator to set other pending motions for hearing and set the case for trial.

An August 5 order set the pending motions for hearing on August 11 and the trial date for August 19.

On August 11, defense counsel did not appear. Apparently both counsel for the state and the defendant had not received notice of the July 30 denial of the motion to suppress. Therefore, the state moved to continue the hearing until a ruling was made on the motion to suppress and defense counsel could be present. The court continued the hearing on pending motions under the mistaken belief (along with prosecution and defense counsel) that a ruling had not been made on the motion to suppress.

On August 14, the matter was reset for jury trial for September 16. On September 9, defense counsel moved to dismiss the indictment in accordance with Rules 8.2(c), 8.6(b), and 16.7(d), Arizona Rules of Criminal Procedure, 17 A.R.S.

The state opposed defendant's motion and the matter was heard by Judge Garrett, respondent herein, on September 15. Judge Garrett found there had been a violation of Rule 8.2(c) and dismissed the indictment with prejudice.

Rule 8.6(b) states:

"If the court determines after considering the exclusion of Rule 8.4, that a time limit established by Rules 8.2(a), 8.2(c), 8.2(d), 8.3(a), 8.3(b)(2), or 8.3(b)(3) has been violated, it may on motion of the defendant, or on its own initiative, dismiss the prosecution with prejudice."

The court has the discretion to dismiss the case with or without prejudice. *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974). We are called upon to determine whether in light of the circumstances, there was an abuse of that discretion in the granting of the motion with prejudice. We think there was.

Delay was occasioned by both the petitioner and the real party in interest. The determinative factor is whether the delay resulted in prejudice to the real party in interest. He alleges financial and emotional expense of six months of prosecution, both of which, while obvious burdens are not of concern in a determination of prejudice in this regard. We find no merit in his claim of prejudice by reason of the state's refusal to give him an independent polygraph examination administered by a police agency of the state. A defendant does not have a right to such an examination and the refusal to give him one, in our view, does not prejudice the case against him.

Real party in interest also claims prejudice because two witnesses previously disclosed under Rule 15 were allowed to plead to reduced charges and have left the jurisdiction. There is no allegation that the two witnesses' whereabouts are not known or that they are unavailable to appear at trial. Again there is no prejudice shown to the case of the real party in interest.

Since the requisite showing of prejudice was not made, dismissal with prejudice was an abuse of discretion. The order is vacated and the respondent court is directed to enter an appropriate order of dismissal without prejudice.

HOWARD, C. J., and KRUCKER, J., concurring.