686 P.2d 1312

STATE of Arizona, Plaintiff-Appellee,

v.

MOHAVE COUNTY JUSTICE COURT, KINGMAN PRECINCT, and the Honorable Clyde A. McCune, Defendants-Appellees,

Boyd W. GARDNER, Real Party in Interest-Appellant.

No. 1 CA–CIV 7152.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 23, 1984.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Atty. Gen., Phoenix, for plaintiff-appellee.

William J. Ekstrom, Jr., County Atty., by Thomas P. Hannis, Deputy County Atty., Kingman, for defendants-appellees.

Stephen M. Lee, Kingman, for real party in interest-appellant.

## OPINION

KLEINSCHMIDT, Judge.

On August 22, 1981, the defendant, Boyd W. Gardner, was charged in district court with violating Title 18 U.S.C. § 43 by illegally transporting wildlife. These charges were dismissed. In February, 1982, the state filed a misdemeanor complaint alleging that Gardner had violated the fish and game statutes. The justice court's dismissal with prejudice of this latter charge was the subject of a special action to the superior court. The superior court found that the dismissal of the complaint *with prejudice* was an abuse of discretion and this appeal by Gardner followed.

Early in August, 1982, while the misdemeanor charge was pending, the state provided Gardner with a list of the people involved in the investigative stages of the case. Subsequently, the parties entered into a stipulation in which the state agreed to produce a number of witnesses for deposition. The defense then filed and served the notice of deposition. Shortly before the depositions were to be taken the state filed a request for a protective order to relieve it of the responsibility for producing such witnesses. A hearing was held and the request for a protective order was denied. The state was unable to produce the witnesses for deposition and the defense filed a motion to dismiss with prejudice. This motion was granted by the court without explanation.

On November 1, 1982, the state filed a special action requesting the superior court take jurisdiction and either: (1) modify the order by dismissing without prejudice; (2) vacate and impose an alternative sanction, or (3) grant such other relief as the court deemed appropriate. The superior court accepted jurisdiction and transferred the matter back to the justice court to determine whether: (1) the interests of justice required a dismissal with prejudice, and (2) whether the stipulation required the state to produce witnesses without subpoenas. The justice court, in a supplemental finding, held that the interests of justice required dismissal with prejudice because, in its words, "the defendant had been put to more than enough time, inconvenience and expense in this matter and the court found that the interests of justice required the dismissal with prejudice even though this is a rather drastic measure. At times drastic measures are necessary in order to see that justice is done." The superior court, in examining the supplemental finding, decided that the justice court action was arbitrary, capricious and an abuse of discretion. The court then modified the justice court's order and dismissed the complaint without prejudice.

It is from this order that Gardner appeals. He makes two arguments. First, that the superior court abused its discretion by accepting jurisdiction, and second, even if it was not an abuse of discretion for the superior court to accept jurisdiction, the justice court did not abuse its discretion by dismissing with prejudice.

■ We can summarily dispose of the argument that the trial court abused its discretion in accepting jurisdiction. While we note Gardner's argument concerning the burden of persuasion, we find that on

the record before the superior court, acceptance of jurisdiction was entirely proper. Indeed, our conclusion as to the merits of the action subsumes the question of whether or not the superior court should have accepted jurisdiction.

■ We conclude that the superior court correctly found that it was improper to dismiss this case with prejudice. Gardner raises various arguments as to why the justice court did not abuse its discretion by granting the motion to dismiss with prejudice. When the justice court's supplemental finding is read as a whole, it is clear that the motion was granted solely on the basis of the inconvenience to Gardner caused by the lapse of time and expense incurred in defending against the charge. This, the justice court felt, justified a dismissal *with prejudice* under Rule 16.7, Arizona Rules of Criminal Procedure, because such dismissal was in the interests of justice.

The justice court's ruling was not predicated on a willful failure to make discovery. Instead, it rested on grounds that are typically asserted in support of a motion to dismiss for undue delay and, indeed, the whole tenor of appellant's brief is couched in that tone. Thus, the Arizona case most directly in point is *State ex rel. DeConcini v. Superior Court*, 25 Ariz. App. 173, 541 P.2d 964 (1975). There the trial court found a violation of Rule 8.2(c), Arizona Rules of Criminal Procedure dealing with the right to speedy trial and it dismissed the case with prejudice. The defendant argued in support of the trial court's decision by stating he had been prejudiced because of financial expense incurred and emotional tension expended. The court found that these factors did not constitute the kinds of prejudice, within the meaning of the Arizona Rules of Criminal Procedure, which justify a dismissal with prejudice.

While the court in *DeConcini* did not elaborate on the rule, we believe that the kind of prejudice which merits a final dismissal can arise out of deliberate harassment or is that kind of prejudice which effects the integrity of the truth finding process. A parallel may be drawn between our rule and the federal rules. Rule 48(b), Federal Rules of Criminal Procedure, governs dismissals of criminal actions by the court for "unnecessary delay." While that rule is silent as to whether and when dismissals will be made with or without prejudice, under federal case law all dismissals are deemed to be without prejudice unless the contrary is expressly stated. *United States v. Ortega-Alvarez*, 506 F.2d 455 (2d Cir.1974). Where the dismissals have been with prejudice, it was because the delay cost the defendant some substantive advantage. *See, for example, United States v. Salzmann*, 417 F.Supp. 1139 (E.D.N.Y. 1976) (amnesty and Youth Corrections Act not available to one alleged to have refused induction). Other cases hold that before a case is dismissed with prejudice the defendant must show that his ability to rebut the prosecutor's case has been impaired or that the delay was caused by oppressive governmental action. *United States v. Dooling*, 406 F.2d 192 (2d Cir.1969). *See also United States v. Correia*, 531 F.2d 1095 (1st Cir.1976) (dismissal for delay because the prosecution could not produce witnesses in the near future should be without prejudice when the period of limitations had not expired and dismissal was not based on constitutional grounds); *United States v. Clay*, 481 F.2d 133 (7th Cir.1973) (dismissal based upon the fact that delay between arrest and indictment was unnecessary should be without prejudice where no constitutional right had been violated); *United States v. Fields*, 475 F.Supp. 903 (D.C. 1979) (harassment, or that a defendant is disadvantaged in exercising rights, will justify dismissal with prejudice).

A case in point is *United States v. Verville*, 281 F.Supp. 591 (E.D.Wisc.1968). There the defendant moved to dismiss on the grounds that a delay of 21 months was prejudicial. The defendant asserted that he had suffered anxiety, damage to his reputation, and substantial expense as a result of the delay. The court noted that the delay did not deny the defendant an opportunity to prepare a defense and hence the defendant had not suffered prejudice in a constitutional sense. The motion to dis-

miss was therefore denied. *See also United States v. Hill*, 622 F.2d 900 (5th Cir. 1980) (anxiety alone is not a sufficient reason to reverse an order denying motion to dismiss) and *United States v. De Sapio*, 299 F.Supp. 436 (S.D.N.Y.1969) (financial considerations are not the type of prejudice that will trigger dismissal).

 While the parallel between our rules and the federal rules may not be perfect, it is close enough. While we are sensitive to the fact that a criminal accusation is disruptive, expensive and often results in a pernicious anxiety, those reasons have not, traditionally, been sufficient alone to forever forestall a prosecution. The decision of the trial court dismissing the complaint *without* prejudice is affirmed.

BROOKS and EUBANK, JJ., concur.