837 P.2d 1140

**STATE of Arizona, Appellant,**

v.

**Jose Luis GRANADOS, Appellee.**

**No. 1 CA–CR 90–1017.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 24, 1991.

Review Denied Oct. 20, 1992.

406

Richard M. Romley, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

The state appeals from the trial court's order dismissing with prejudice a charge of sexual conduct with a minor. We vacate the trial court's order because the record does not support a finding that the interests of justice require a dismissal with prejudice.

In August 1989, the defendant was indicted and charged with three counts of sexual conduct with a minor, his daughter. In November 1989, on the day set for trial, the state moved to dismiss the charges without prejudice. The trial court granted the state's motion and gave the state sixty days to refile the charges. The judge stated that if the state did not refile the charges, the defendant could file a motion to dismiss with prejudice. The defendant was released from custody.

In February 1990, the defendant's counsel did move to dismiss the charges against the defendant with prejudice. The defendant was not present at the hearing. The court denied the motion and gave the state

an additional sixty days to refile the charges against the defendant.

In June 1990, the defendant's counsel again moved to dismiss with prejudice, arguing that the interests of justice required a dismissal with prejudice because the defendant and the victim and her family were in Mexico, and the state was not able to proceed with the prosecution.

The state conceded that the parties were in Mexico, and it was not able to assure the judge when and if they would return, or be returned, to Arizona. The record also shows that the victim had partially recanted her accusation and no longer seemed interested in pursuing the prosecution. The state argued, however, that justice would not be served by a dismissal with prejudice and that, in effect, such a dismissal would reward the defendant for leaving the country. The trial judge dismissed the charges against the defendant with prejudice.

On appeal, the state argues that the trial court's order does not comply with the requirements of Rule 16.5(d), that the record does not support the trial court's determination that the interest of justice required a dismissal with prejudice, and that the trial court has no authority to impose a time limit on the refiling of charges.

■ Rule 16.5(d), Arizona Rules of Criminal Procedure, provides:

**Effect of Dismissal.** Dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the court order finds that the interests of justice require the dismissal be with prejudice.

The rule favors a dismissal without prejudice and there can be no dismissal with prejudice unless the interests of justice require it. *Quigley v. City Court of the City of Tucson,* 132 Ariz. 35, 36, 643 P.2d 738, 739 (App.1982).

■ The state first argues that the dismissal with prejudice is ineffective because the court did not expressly find, either in a written order or minute entry that the dismissal with prejudice was "in the interests of justice." Although the judge should

expressly make such a finding in the written record, it can be presumed even in the absence of a record that when the dismissal is with prejudice the judge has considered the interests of justice. *State v. Marquess,* 168 Ariz. 123, 811 P.2d 375 (App.1991). *But see Quigley v. City Court of the City of Tucson,* 132 Ariz. 35, 643 P.2d 738 (App. 1982); and *State ex rel. Jenney v. Superior Court,* 122 Ariz. 89, 593 P.2d 312 (App. 1979). In any event, here the transcript of the judge's comments at the time the case was dismissed with prejudice shows that he considered the interests of justice.

■ The most important consideration as to whether a dismissal should be with or without prejudice is whether a delay will result in prejudice to the defendant. *State ex rel. DeConcini v. Superior Court,* 25 Ariz.App. 173, 175, 541 P.2d 964, 966 (1975). Because, as we discuss below, the record discloses no reason why the interests of justice require a dismissal with prejudice, we can only assume that the judge believed that the dismissal should be with prejudice either because finality, as a general matter, is desirable in criminal prosecutions and/or delay can result in prejudice because memories dim and evidence is lost. Such generalizations will not support a dismissal with prejudice. *See State v. Gilbert,* 172 Ariz. 402, 837 P.2d 1137 (App. 1991).

■ The fact that a defendant is not in the country and that there will be a delay before the charges can be refiled is not automatically prejudicial. In *United States v. Marion,* 404 U.S. 307, 325–326, 92 S.Ct. 455, 466, 30 L.Ed.2d 468, 481–82 (1971), the United States Supreme Court stated:

[A] real possibility of prejudice [is] inherent in any extended delay, such as dimming of memories, lost evidence and witnesses becoming inaccessible. In light of applicable statutes of limitations, the possibilities are not enough by themselves to demonstrate that no fair trial is possible.

*See also State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981) (stale investigation not necessarily a denial of due process); and *State ex rel. DeConcini v. Superior Court,* 25 Ariz.App. at 175, 541 P.2d at 966 (1975) (financial and emotional burden of prosecu-

tion is not a justification for dismissal with prejudice).

We see nothing in the fact that the alleged victim partially recanted the accusation or seems uninterested in pursuing the prosecution which will justify this dismissal with prejudice. The prosecutor has broad discretion to conduct prosecutions for public offenses. *See generally State v. Murphy,* 113 Ariz. 416, 555 P.2d 1110 (1976). The state has an interest in enforcing the law regardless of the wishes of the victim, and this is particularly true as to crimes against children and family members. We also agree with the state's argument that a dismissal with prejudice in this case tends to reward the defendant for leaving the jurisdiction.

Finally, as we discussed in *State v. Garcia,* 170 Ariz. 245, 823 P.2d 693 which we have filed today, we disapprove of automatically converting a dismissal without prejudice into one with prejudice by the mere lapse of an arbitrarily set period of time. That practice undercuts the reasoned application of Rule 16.

The order dismissing the charge with prejudice is vacated, leaving intact the dismissal without prejudice.

GRANT, P.J., and EUBANK, J., concur.