NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

BRACK CONRAD PRITCHARD, *Appellee*.

No. 1 CA-CR 17-0549
FILED 5-29-2018

Appeal from the Superior Court in Yavapai County
No.  P1300CR201501499
P1300CR201700229
The Honorable Tina R. Ainley, Judge

**REVERSED AND REMANDED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Robert J. Johnson
*Counsel for Appellant*

Yavapai County Public Defender's Office, Prescott
By Damon A. Rossi
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**M O R S E**, Judge:

¶1        The State of Arizona (the "State") appeals the superior court's dismissal with prejudice of two counts of an indictment against Brack Conrad Pritchard ("Pritchard").   For the reasons discussed below, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶2        Pritchard was charged by indictment with arson of an occupied structure, criminal damage, and possession or use of drug paraphernalia (methamphetamine) all alleged to have occurred on November 25, 2015.  Approximately four weeks before the scheduled trial date, the State learned of an investigation performed by an investigator for an insurance company.  The State moved to continue the trial date to obtain and disclose the report of the insurance investigator or, alternatively, to dismiss the arson and criminal damage counts without prejudice.   On February 8, 2017, the superior court dismissed without prejudice arson of an occupied structure (Count 1) and criminal damage (Count 2).[1]

¶3        On March 24, 2017, Pritchard petitioned this court for special action relief and argued that the superior court abused its discretion in dismissing the two Counts without prejudice at the request of the State because the State sought dismissal solely to avoid the speedy trial deadline.

¶4        On April 25, 2017, this court issued a memorandum decision on Pritchard's special action and granted relief to Pritchard.  This court held that:

> In dismissing the two counts without prejudice at the State's
> request, the superior court did not determine, as required by
> Arizona Rule of Criminal Procedure 16.6(a), whether the State

---

[1] A more-detailed summary of the facts and procedural history of this case are set forth in our decision in *Pritchard v. Ainley*, 1 CA-SA 17-0094, 2017 WL 1489691 (App. April 25, 2017) (mem. decision).

was requesting the dismissal to avoid the speedy trial provisions of Arizona Rule of Criminal Procedure 8.

¶5　　　　This court vacated the superior court's order dismissing Counts 1 and 2 and "direct[ed] the court to reconsider dismissal of those two counts in light of the express language of Rule 16.6(a) and to take further action consistent with this decision." This court's decision provided the following instructions for the superior court:

> On reconsideration, if the court finds the State's motion was made to avoid the provisions of Rule 8, the motion must be denied. *State v. Paris–Sheldon*, 214 Ariz. 500, 508, ¶ 23, 154 P.3d 1046, 1054 (App. 2007) (pursuant to Rule 16.6 (a), court "must deny the motion to dismiss altogether" if it concludes the State is attempting to avoid Rule 8).

*Pritchard*, 2017 WL 1489691, at *3, ¶ 13.

¶6　　　　This court further instructed that, even if that threshold is crossed, dismissal should not be with prejudice "absent a finding" that "the prosecutor has delayed in order to obtain a tactical advantage or harass the defendant *and* the defendant has demonstrated resulting prejudice." *Id*. at ¶ 15 (quoting *State v. Huffman*, 222 Ariz. 416, 420, ¶ 11 (App. 2009)) (emphasis in original).

¶7　　　　On remand, the superior court held an evidentiary hearing on the dismissal of the two Counts without prejudice. The superior court remarked:

> I'm looking at both . . . whether the State dismissed to avoid Rule 8, but even if I find perhaps that they didn't, I still have to look at whether dismissal should be with or without prejudice.

> [T]he purpose of this hearing is for the Court to determine . . . first of all, under 16.6([a]), whether a dismissal of the counts was appropriate; and then even if it wasn't [sic], to determine if the dismissal should be with prejudice, and the Court of Appeals outlines what that means from the case law, and so any testimony in this hearing should be limited to those issues, because that's what we're dealing with . . . .

¶8　　　　The superior court then engaged in a "two-part analysis" and considered whether the State dismissed the two Counts to avoid Rule 8

provisions and whether Pritchard was prejudiced, "even if the State's dismissal [was] not a violation of Rule 8 . . . ."

¶9            The superior court found, "[u]pon review of the record, and reconsideration as directed by the Court of Appeals" that "at least part of the reason for the State to request dismissal was to avoid the provisions of Rule 8." The superior court reasoned that, when the State requested that the trial either be continued or to dismiss Counts 1 and 2 without prejudice, "[t]he prosecutor was obviously concerned" with the speedy trial deadline and trial date of February 23, 2017. Further, the superior court acknowledged that "the State legitimately wanted to explore the full extent of the investigator's findings," but concluded that because "the expert report would not be available until the day before the trial" the prosecutor "feared" there was not enough time before the currently scheduled trial. Thus, the superior court concluded that the motion to dismiss "was made at least in part to avoid the provisions of Rule 8."

¶10          As to whether the prosecutor had delayed to obtain a tactical advantage or harass the defendant, the superior court said that it was "difficult for the Court to say that the only basis for dismissal was to obtain a tactical advantage but the State was clearly aware that having an expert on board was beneficial to the strength of their case . . . ." The superior court further stated that "even if the dismissal was not done for tactical delay, the most important factor is still whether the defendant suffered actual prejudice." The court then found sufficient prejudice by virtue of Pritchard's inability to get concurrent sentences for the drug paraphernalia conviction if he were convicted of the dismissed counts and because now "it is too late to gather the necessary information" for the defense expert to challenge the report of the State's expert. The superior court then dismissed the two Counts with prejudice, finding that Pritchard "ha[d] shown that he suffered harm that would actually impair his ability to defend against the charges of Arson and Criminal Damage."

¶11          The State timely appealed the July 27, 2017 order of dismissal of the two Counts with prejudice.

4

## DISCUSSION

### I.    STANDARD OF REVIEW

¶12        We review a trial court's dismissal of a case with prejudice for an abuse of discretion. *State v. Spreitz*, 190 Ariz. 129, 136 (1997). Rule 16.4[2] generally favors dismissal without prejudice. *Quigley v. City Court of City of Tucson*, 132 Ariz. 35, 36 (App. 1982). "There can be no dismissal with prejudice unless the interests of justice require it." *State v. Gilbert*, 172 Ariz. 402, 404 (App. 1991). A trial court must "actually weigh the factors that bear on the issue" and make a "reasoned finding that the interests of justice require the dismissal to be with prejudice." *State v. Garcia*, 170 Ariz. 245, 248 (App. 1991); Ariz. R. Crim. P. 16.4(d). "While the granting of a motion to dismiss is within the sound discretion of the trial court . . . when there has been an abuse of discretion, this court has a duty to reverse." *State v. Sandoval*, 175 Ariz. 343, 347 (App. 1993) (citation omitted). A trial court "abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." *Files v. Bernal,* 200 Ariz. 64, 65, ¶ 2 (App. 2001). "An abuse of discretion is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Torres v. North Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982) (citation and internal quotations omitted).

### II.    THE SUPERIOR COURT ABUSED ITS DISCRETION BY DISMISSING THE PROSECUTION OF THE ARSON AND CRIMINAL DAMAGE CHARGES WITH PREJUDICE

¶13        The State claims that the superior court abused its discretion in dismissing the two Counts with prejudice because the superior court's order does not comport with Rule 16 and the record does not support the superior court's determination that the interests of justice required the dismissal with prejudice.

¶14        Under this court's previous ruling in this case, if the superior court were to find that the prosecutor's motion to dismiss was made to avoid time limits of Rule 8, and Pritchard demonstrated *both* that the prosecutor delayed to harass or gain tactical advantage *and* Pritchard was prejudiced by the delay, then dismissal with prejudice could be merited.

---

[2] Effective January 1, 2018, Rule 16.6 was abrogated and replaced with current Rule 16.4. Although stylistic revisions were made to the text of the rule, none of those changes are material here. Accordingly, we will cite to the current Rule 16.4.

*Pritchard*, 2017 WL 1489691, at \*3-4, ¶¶ 13-15; *see also Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482 (1986) (noting that on remand "a memorandum decision constitutes the law of the case as does a full opinion"). Based upon our review of the record, we agree with the State and find that the superior court abused its discretion.

### A. The Motion to Dismiss Was Made to Avoid Rule 8

**¶15** The superior court concluded that the motion to dismiss was at least partially motivated by a desire to avoid the time limits of Rule 8. On this record, we cannot find that the superior court abused its discretion in finding that the State's motion was made, in part, to avoid Rule 8.

### B. The Motion Was Not Made to Harass or Gain Tactical Advantage

**¶16** However, the superior court never found that the motion to dismiss was made to harass or obtain a tactical advantage. Instead, the superior court stated that it was "difficult" to say that there was an attempt to gain a tactical advantage and simply noted that the insurance investigation would be "beneficial to the strength of [the State's] case . . . ."[3] Because the superior court never specifically made a finding, we review de novo whether the State was attempting to obtain a tactical advantage.

**¶17** Pritchard argues that the State was trying to obtain a "tactical advantage" by trying to find a "way to use this expert and his report despite trial being less than a month away." Pritchard never argues and neither does the record show that the State withheld the insurance investigation or did anything but promptly disclose it after its discovery. To the contrary, the superior court noted that the State's request to dismiss Counts 1 and 2 without prejudice was "legitimate[]" in light of its need to "explore the full extent" of the insurance investigation and report, without which the State's case was undermined.

**¶18** While this new evidence may have strengthened the State's case, this is not a "tactical advantage" that offends the "interests of justice" contemplated by Rule 16.4(d). Delays occasioned by discovery of new evidence or additional investigation are not delays for "tactical advantage." *See United States v. Lovasco*, 431 U.S. 783, 795 (1977) ("In our view,

---

[3] It appears that the superior court may have believed that such a finding was not necessary if Pritchard suffered sufficient prejudice. As noted above, this conclusion is inconsistent with the law of this case and with *Huffman*, 222 Ariz. at 420, ¶ 11.

investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,' precisely because investigative delay is not so one-sided." (internal citation omitted)); *State v. Medina*, 190 Ariz. 418, 421-22 (App. 1997) ("Arizona courts have interpreted [*United States v. Marion*, 404 U.S. 307 (1971)] and *Lovasco* to require that a defendant show intentional delay by the prosecution to obtain a tactical advantage, and actual and substantial prejudice as a result of the delay." (citations omitted)); *see also Texas v. Krizan-Wilson*, 354 S.W.3d 808, 820 (Tex. Crim. App. 2011) ("The Supreme Court has drawn a distinction between prosecutorial delays for investigatory purposes and delays for the purpose of gaining a tactical advantage over the accused, emphasizing the need not to penalize prosecutors who delay action for the purpose of procuring additional evidence."); *Graham v. Kentucky*, 319 S.W.3d 331, 342 (Ky. 2010) ("New evidence is not a tactical advantage.").

¶19　　　　　Pritchard also briefly argues that the State also sought dismissal to harass him: "One struggles to find otherwise when the facts in this case clearly demonstrate that Appellant tendered a plea offer, obtained Mr. Pritchard's verbal acceptance, and then took advantage of that opportunity to buy more time through dismissing without prejudice." However, the superior court did not find an intent to harass and, as with "tactical advantage," seeking additional time to further investigate a case, without some form of improper conduct by the State, cannot constitute "harassment" as contemplated by the "interests of justice" prong of Rule 16.4. *Cf. Garcia*, 170 Ariz. at 248 (noting that "not every attempt to avoid an impending time limit merits dismissal with prejudice").

¶20　　　　　Because the evidence demonstrates that the State's motion to dismiss was not made to harass or obtain a tactical advantage over Pritchard, the superior court erred in dismissing the counts with prejudice. *See State v. Paris-Sheldon*, 214 Ariz. 500, 508, ¶ 23 (App. 2007) ("Rule 16.6(a) does not require a trial court to dismiss charges with prejudice if it finds the purpose of the state's motion is to avoid the provisions of Rule 8.").

### C. Pritchard Has Not Shown Prejudice to Require Dismissal With Prejudice

¶21　　　　　Because the State's motion was not made for purposes of tactical advantage or to harass, dismissal should not have been with prejudice and we need not address the superior court's findings of prejudice. However, because issues of prejudice may resurface on remand we review the superior court's conclusions in that regard.

¶22        The superior court found that Pritchard had been prejudiced in three ways. First, he would be unable to receive concurrent sentences for the drug paraphernalia conviction that was not dismissed if he were subsequently convicted of the dismissed counts. Second, the drug paraphernalia conviction could increase Pritchard's sentencing exposure for the dismissed counts. Third, it was too late for a defense expert to gather information necessary to challenge the insurance investigation.

¶23        Regarding the first two findings of prejudice, the State argues that Pritchard could have received consecutive sentences regardless of dismissal and has not lost the opportunity for concurrent sentences, via credit for almost all of time served, should he be convicted of the dismissed counts. Pritchard responds that any lost time prejudices him, the currently-assigned judge has indicated a preference for concurrent sentences for these counts, and that a future sentencing judge might not be so inclined. We agree that the loss of potential concurrency or credit for time served would prejudice Pritchard, but at this phase any prejudice is speculative and insufficient to merit relief. *See State v. Dunlap*, 187 Ariz. 441, 451 (App. 1996) (noting that prejudice must be actual, substantial, and not speculative); *see also State ex rel. DeConcini v. Superior Court*, 25 Ariz. App. 173, 175 (1975) (financial and emotional expense are not relevant to a determination of prejudice); *see also Gilbert*, 172 Ariz. at 405 (annoyance, inconvenience, and continued incarceration of a defendant does not constitute the requisite showing of prejudice so as to justify dismissal of the prosecution with prejudice). Further, we note that the State has not alleged the drug paraphernalia conviction for purposes of enhanced sentencing and, based on the arguments in its brief, will not seek to use that conviction to enhance Pritchard's sentence for any conviction resulting from the dismissed counts.

¶24        More importantly, a sentencing judge will be able to fashion an appropriate sentence to ameliorate any potential sentencing prejudice to Pritchard, either through mitigation, credit for time served, or concurrency. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-712 (credit for time served); A.R.S. § 13-711 (concurrency); *State v. Thurlow*, 148 Ariz. 16, 20 (1986) (noting that under the "catch all" provisions of A.R.S. § 13-701(E)(5) a sentencing judge may consider factors in mitigation to tailor a sentence to fit the defendant's "character and circumstances").

¶25        Regarding the third finding of prejudice, the record does not support a finding that Pritchard was prejudiced by any action of the State. The State learned of the insurance investigation on January 27, 2017, promptly informed the superior court and Pritchard of this evidence, and requested more time to obtain and disclose the insurance investigation

8

report. The State then moved to dismiss the two counts without prejudice if the superior court would not continue the trial. Accordingly, even before the State learned of the new evidence, Pritchard had already suffered the prejudice of being unable to gather information from the crime scene, and there is nothing in the record to suggest that the State delayed learning of the evidence so as to prevent Pritchard from fashioning a defense. The State was not a "player" in the insurance investigation, the investigation was not conducted by the State or law enforcement, and the State knew nothing of it before January 27, 2017.

¶26 While the superior court was critical of the State's late discovery, the State's actions do not constitute a calculated delay for any tactical advantage or support an inference of bad faith to undermine Pritchard's ability to defend the case. *See*, *e.g.*, *State v. Armstrong*, 208 Ariz. 345, 353, ¶¶ 34-36 (2004) (finding that while securing witness testimony by negotiating a "last-minute plea agreement affected Armstrong's trial strategy, such damage does not of itself signal prosecutorial bad faith"); *State v. Broughton*, 156 Ariz. 394, 398 (1988) (prejudice not demonstrated by speculation that witnesses' memories may have diminished or earlier testing of evidence could have been exculpatory).

¶27 Pritchard also argued that a dismissal without prejudice would not only violate his Rule 8 procedural right, but also his right to a speedy trial under the United States and Arizona Constitutions. But "[n]either the United States nor the Arizona Constitution requires that a trial be held within a specified time period." *Spreitz*, 190 Ariz. at 139 (citing U.S. Const. amend. VI and Ariz. Const. art. 2, § 24). "It is not the purpose of the speedy trial provision to enable the guilty to go free on technicalities." *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 340 (1974).

¶28 Pritchard further relies on *Lovasco*, 431 U.S. 783, for the proposition that the State's post-indictment delay should be considered tactical, but as noted above, the State requested delay for further investigation as approved by *Lovasco*, and not to achieve a tactical advantage over Pritchard. Accordingly, Pritchard is not entitled to relief because there is no "deviat[ion] from elementary standards of fair play and decency," *Lovasco*, 431 U.S. at 795 (citation and internal quotations omitted), "even if his defense might have been somewhat prejudiced by the lapse of time," *id.* at 796.

¶29 Finally, although Pritchard alleges that the late disclosure could impede his ability to respond to specific testimony, the superior court can fashion appropriate remedies if it determines that the State has violated

discovery rules. *See, e.g., State v. Martinez-Villareal*, 145 Ariz. 441, 448 (1985) ("Imposition of sanctions for nondisclosure pursuant to the discovery rules is a matter to be resolved in the sound discretion of the trial court and that decision should not be disturbed absent a clear abuse of discretion."); *Reid v. Reid*, 222 Ariz. 204, 206, ¶ 8 (App. 2009) ("The trial court has broad discretion in ruling on discovery and disclosure matters . . . ."); *but see State v. Smith*, 123 Ariz. 243, 252 (1979) ("The trial court, however, should seek to apply sanctions that affect the evidence at trial and the merits of the case as little as possible, since the Rules of Criminal Procedure are designed to implement, and not to impede, the fair and speedy determination of cases.").

## CONCLUSION

**¶30** For the abovementioned reasons, we reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

10